ELIZA S. HUMPHREY'S CASE.

Suffolk.    January 16, 1917. — February 28, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act*, Appeal from decree. *Equity Pleading and Practice*, Appeal, Exceptions.

The procedure under the workmen's compensation act is in accordance with that in proceedings in equity. Following *Gould's Case*, 215 Mass. 480.

Under R. L. c. 159, § 19, as amended by St. 1911, c. 284, § 1, an appeal from a decree made by a judge of the Superior Court upon a claim under the workmen's compensation act must be taken within twenty days.

Where upon an appeal from a decree made by a judge of the Superior Court upon a claim under the workmen's compensation act, which was attempted to be taken three days after the expiration of the twenty days allowed for the taking of such an appeal, there were indorsed the words, "Filed by consent and allowed," it was *held* that no appeal was taken, because the time for taking an appeal prescribed by the statute cannot be extended by consent of the parties or by the judge from whose decree the appeal was taken, the only way by which such an appeal can be taken after the expiration of twenty days being by leave of the full court granted upon a petition filed within one year after the entry of the decree under R. L. c. 159, § 28.

Alleged exceptions to the refusal of a judge of the Superior Court to grant a motion to dismiss an appeal because it was not entered seasonably in the full court after being claimed cannot be considered by this court, if the alleged appeal was not taken within twenty days after the entry of the decree attempted to be appealed from, and in such a case the exceptions will be dismissed, there being nothing before this court to which they can apply.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board making an award in favor of Eliza S. Humphrey, an employee, upon her claim under the workmen's compensation act.

The case was heard by *Fox*, J., who made a decree in accordance with the decision of the Industrial Accident Board. This decree was entered on August 5, 1916. There was an attempted appeal by the insurer, on which were indorsed the words, "Filed by consent and allowed, Aug. 28, 1916."

In the same proceeding the employee filed a motion to dismiss the appeal and asked the judge to rule that "the insurer's failure to prosecute appeal claimed on August 28, 1916, to the Supreme Judicial Court for the Commonwealth, constitutes a failure to comply with the statutes governing appeals to said court, and that the appeal ought to be dismissed."

The judge refused to make this ruling, "but ruled and ordered that the appeal be entered at the January term of the Supreme Judicial Court, and unless so entered to be dismissed." The employee alleged exceptions.

R. L. c. 159, § 19, as amended by St. 1911, c. 284, § 1, is as follows: "Section 19. A party who is aggrieved by a final decree of a justice of the Supreme Judicial Court or a final decree of the Superior Court may, within twenty days after the entry thereof, appeal therefrom. An appeal from a final decree of a justice of the Supreme Judicial Court shall be entered on the docket of that court, and an appeal from a final decree of the Superior Court shall forthwith be entered in the Supreme Judicial Court. The copies and papers in the cause shall be prepared by the clerk of the court and transmitted to the Supreme Judicial Court and entered on the docket of the full court. When such appeals have been entered as aforesaid, all proceedings under such decree shall be stayed, and the cause shall thereupon be pending before the full court, which shall hear and determine the same, and affirm, reverse or modify the decree appealed from. Upon the reversal of a final decree, the court may remand the cause to a justice of the Supreme Judicial Court or to the Superior Court, with such directions as are necessary and proper further to proceed therein, or the court may refer it to a master or take [*sic*] such other order relative to future

proceedings therein as equity and the just and speedy determination of the case require."

. R. L. c. 159, § 28, is as follows: "A party who has by accident or mistake omitted to claim an appeal from a final decree within the time prescribed therefor may, within one year after the entry of the decree from which he desires to appeal, petition the full court for leave to appeal, which may be granted upon terms."

*A. V. Harper*, for the employee.

*G. Gleason*, for the insurer.

RUGG, C. J. There was a final decree entered in the Superior Court. An appeal could be taken under the law only within twenty days from the date of entry of the decree. St. 1911, c. 284, § 1. The appeal actually was taken twenty-three days thereafter. The indorsement is, "Filed by consent and allowed." Appeal from a final decree is matter of right and does not depend upon the allowance or discretion of the judge. It was said by Chief Justice Gray, "The time for claiming an appeal cannot be extended by consent of parties or by the justice whose decree is appealed from. . . . If an appeal is not taken within the time prescribed, the full court cannot acquire jurisdiction thereof, otherwise than upon a petition for leave to appeal according to the statute." *Attorney General* v. *Barbour*, 121 Mass. 568, 573. That petition must be made directly to the full court within one year after the entry of the decree from which an appeal is desired. R. L. c. 159, § 28. The correctness of this statement of the law is not open to doubt. There is nothing in *Boston & Albany Railroad* v. *Commonwealth*, 157 Mass. 68, which justifies this court in assuming a jurisdiction which it does not possess under the law. A court which is without jurisdiction over a case cannot decide it authoritatively and as a court. See *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 546, 547. Since the procedure under the workmen's compensation act is according to equity, *Gould's Case*, 215 Mass. 480, the appeal was not seasonably claimed.

Exceptions were taken to the refusal to grant a motion to dismiss the appeal because not seasonably entered in the full court after being claimed. *Griffin* v. *Griffin*, 222 Mass. 218. These exceptions must be dismissed because no appeal had been taken. Hence there was nothing before the court.

*Appeal dismissed.*

*Exceptions dismissed.*