### FRANK P. CHENEY *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   November 21, 1916. — June 1, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Interstate Commerce.   Jurisdiction.*

The courts of this Commonwealth have no jurisdiction of an action involving the construction of a tariff filed by a railroad corporation with the interstate commerce commission until such construction has been passed upon and determined by the commission.   Following *Loomis* v. *Lehigh Valley Railroad,* 240 U. S. 43.

Objection to the jurisdiction of the court over the subject matter of an action may be taken at any stage of the proceedings.   In the present case an objection to the jurisdiction of the court was taken for the first time at the argument before the full court.

CONTRACT to recover back certain sums of money paid by the plaintiff to the defendant upon shipments of goods consigned to the plaintiff over the defendant's railroad.   Writ dated August 14, 1914.

In the Superior Court the case was tried before *Keating,* J. At the trial the plaintiff read the auditor's report and rested. Thereupon the defendant rested.   The defendant asked for certain rulings, which were refused by the judge.   The judge ordered the jury to return a verdict for the plaintiff in the sum of $1,255 in accordance with the finding of the auditor.   The defendant alleged exceptions.

R. L. c. 173, § 118, is as follows: "A judgment shall not be arrested for a cause existing before the verdict, unless such cause affects the jurisdiction of the court.   After the defendant has appeared and answered to the merits of the action, no defect in the writ or other process by which he has been brought before the court, or in the service thereof, shall be considered to affect the jurisdiction of the court."

*J. M. O'Donoghue,* (*F. N. Wier* with him,) for the defendant.

*W. D. Regan,* for the plaintiff.

LORING, J.   This is an action brought to recover demurrage charges paid by the plaintiff to the defendant.   These charges

were made on interstate shipments of lumber delivered by the defendant to the plaintiff in the city of Lowell. The ground on which the plaintiff seeks to recover is that the charges were in violation of the tariff filed by the defendant with the interstate commerce commission.

During the time in question the plaintiff was a manufacturer of wooden boxes with a factory in Lowell. The lumber in question was delivered by the railroad company on a private track owned by the plaintiff which ran from the defendant's main tracks into his factory. The plaintiff's contention was that, as matter of construction of the defendant railroad company's tariff, demurrage could not be charged on cars of lumber delivered on his private track until the cars actually had been placed upon that track or there had been a "constructive placement" on the track by giving what is called in the tariff a "notice of placement." It appeared that on arrival of the cars of lumber in the railroad yard of the defendant in Lowell the defendant gave the plaintiff a notice which was headed "Freight Arrival Notice" and charged demurrage on giving that notice. It was the contention of the plaintiff that this notice did not operate as a "constructive placement" within the provisions of the tariff. The defendant's main contention was that it was in substance such a notice. In addition the defendant raised other questions as to the true construction of the tariff.

The case was sent to an auditor and after a full hearing upon these issues he decided in favor of the plaintiff. The auditor's report ended with a finding that the defendant owed the plaintiff $1,123 with interest from November 22, 1913. When the case came on for trial the auditor's report was put in evidence and both parties rested. The defendant then asked for seven rulings all of which had to do with matters of construction of the provisions of the defendant's tariff tried before the auditor. These were refused by the presiding judge and an exception taken. The presiding judge then directed the jury to return a verdict for the plaintiff in the sum found by the auditor, and to this ruling an exception was taken. The case was brought here on these exceptions.

At the argument in this court the defendant for the first time took objection to the jurisdiction of the court on the ground that

the construction of the defendant's tariff on interstate commerce filed with the interstate commerce commission was a matter of which no State court had jurisdiction until the true construction of it had been passed upon by the interstate commerce commission.  It relies in support of that contention upon *Loomis* v. *Lehigh Valley Railroad,* 240 U. S. 43, and the cases there collected.  In *Pennsylvania Railroad* v. *International Coal Mining Co.* 230 U. S. 184, no question of construction of an interstate tariff was in issue.  For that reason it was held that an action could be brought in court before resorting to the interstate commerce commission.  ·

We are of opinion that this contention on the part of the defendant is correct; and, since it goes to the jurisdiction of the court, that it was taken in time.  R. L. c. 173, § 118.

*Exceptions sustained.*