LOCOMOBILE COMPANY OF AMERICA *vs.* COMMONWEALTH.

Suffolk.   December 2, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Tax*, Remedy for unlawful taxation. *Jurisdiction. Equity Pleading and Practice*, General appearance.

*International Paper Co.* v. *Commonwealth, ante*, 7, affirmed.
Want of jurisdiction of the court over the subject matter of a proceeding is not waived by a general appearance.

PETITION, filed in the Supreme Judicial Court on October 22, 1917, under St. 1909, c. 490, Part III, § 70, by a corporation organized under the laws of the State of West Virginia, to recover the amount of an excise paid by the petitioner on April 25, 1917, and alleged to have been exacted unlawfully.

An order of notice to be served on the Treasurer and Receiver General and the Attorney General was issued on the date of the filing of the petition, but appears never to have been served.

More than four months later, on March 14, 1918, another order of notice was issued, which was served upon the Treasurer and Receiver General and upon the Attorney General on April 4, 1918.

On May 22, 1918, the Commonwealth filed a motion to dismiss the petition upon the following grounds:

" 1. The petition is not an application for the abatement of the tax described therein duly made within the time and in accordance with the conditions set forth in St. 1909, c. 490. Part III, § 70.

" 2. The petition is not brought within six months of the payment of the tax as required by St. 1909, c. 490, Part III, § 70.

" 3. No service of the original order of notice issued on the filing of the petition was ever made upon the respondent as required by St. 1909, c. 490, Part III, § 70.

" 4. The service of an order of notice issued upon this petition long after the filing thereof and more than six months after the payment of the tax is not a compliance with the conditions imposed by St. 1909, c. 490, Part III, § 70."

On November 1, 1918, the Commonwealth filed the following answer:

"And now comes the respondent, and, without waiving its motion to dismiss heretofore filed, but expressly insisting thereon, admits that the petitioner is a foreign corporation and that it paid to the respondent a foreign corporation excise tax upon the date and of the amount set forth in the petition. It says that the petitioner was and is engaging in business or activities within the Commonwealth which are not interstate commerce and are of such a character that they may be made the basis of an excise tax by the Commonwealth. Except as herein admitted, the respondent denies the allegations of fact contained in the petition.

"And further answering, the respondent says that no part of the tax set forth in the petition was assessed without authority of law."

On the same day, November 1, 1918, issue was joined by the filing of a replication.

The case was heard by *Crosby*, J., upon the respondent's motion to dismiss and also upon the petition, answer and replication, the facts agreed upon by counsel and the requests for rulings of law filed by the petitioner.

It was admitted by counsel for the respondent that the motion to dismiss was based exclusively upon the respondent's contention as to the proper construction of St. 1909, c. 490, Part III, § 70.

The petitioner introduced the testimony of the assistant clerk of the Supreme Judicial Court as to the long continued practice in equity in the court to the effect that *alias* orders of notice and subpœnas are issued upon the request of the plaintiff at any time, whenever the original order of notice or subpœna has not been served; also the existing and former rules in equity of the United States Supreme Court to the same effect.

The single justice reported and reserved the case and all questions arising upon any of the above matters for determination by the full court, such requests for rulings to be granted or refused and such orders and decrees to be entered as the full court should determine. If the petitioner was entitled to recover, a decree was to be entered for the petitioner to recover the tax, together with interest and costs, as prayed for in the petition.

*G. L. Mayberry & C. A. Snow,* (*F. T. Benner & W. P. Everts* with them,) for the petitioner.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J.   This is a petition under St. 1909, c. 490, Part III, § 70, to recover an excise tax alleged to have been exacted contrary to law.   It was paid on April 25, 1917.   This petition was filed within six months thereafter, on October 22, 1917.   On the same day an order of notice was taken out, returnable in January, 1918.   But it was not served and does not appear ever to have been in the hands of an officer.   Another order of notice was taken out on March 14, 1918, returnable on the first Monday of May, 1918, and service was accepted on April 4, 1918.   A motion to dismiss was filed on May 22, 1918, on the general ground that the petition was not brought and notice thereof served within the time prescribed by the statute.   The case as thus stated is in all material facts like *International Paper Co.* v. *Commonwealth, ante,* 7, just decided, and governed by the same principles.

There is one fact absent in that case which is present here, viz., that a general appearance was filed on May 8, 1918, in behalf of the Commonwealth.   That fact, however, makes no difference with the result to be reached.   As has been pointed out in the opinion in the International Paper Company case, compliance with all essential terms of said § 70 is a condition precedent to the jurisdiction of the court to entertain and adjudicate the petition.   *Cheney* v. *Assessors of Dover,* 205 Mass. 501, 502, and other cases cited in *International Paper Co.* v. *Commonwealth, ante,* 7.   Want of jurisdiction in the court over the subject matter of the suit is not waived by a general appearance.   *Custy* v. *Lowell,* 117 Mass. 78.   *McGrath* v. *Watertown,* 181 Mass. 380.   *Humphrey's Case,* 226 Mass. 143.   *Cheney* v. *Boston & Maine Railroad,* 227 Mass. 336.

Therefore, there is no room for the application of the rule of practice that, where the defence relates to jurisdiction over the person by a court having jurisdiction of the cause, a general appearance waives formal defects as to the getting of the defendant before the court.   *Riley* v. *Brusendorff,* 226 Mass. 310, 312. Moreover, it is doubtful whether under any circumstances a

motion to dismiss such as this would be waived by anything short of an unqualified answer on the merits. This matter was properly and seasonably pleaded by a motion to dismiss. *McRae* v. *New York, New Haven, & Hartford Railroad,* 199 Mass. 418.

*Petition dismissed with costs.*