MARY A. MANNING *vs.* METROPOLITAN DISTRICT COMMISSION.

Suffolk. January 8, 1930. — February 6, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Eminent Domain. Statute,* Validity. *Evidence,* Presumptions and burden of proof. *Constitutional Law,* Equal protection of law, Due process of law.

Upon the reservation for determination by this court, upon the petition, answer, return and a case stated, of a petition for a writ of certiorari quashing a taking by the metropolitan district commission under St. 1924, c. 456, of easements in land of the petitioner for surface and water drainage for a large territory in portions of Malden, Everett and Revere, it was *held,* that

(1) The statute, having been passed with all the requisites to give it validity, must be presumed by this court to be valid unless it appeared to be in violation of a constitutional right;

(2) An objection by the petitioner that it was procured to be enacted by a cemetery corporation to defeat a certain decree of court in favor of the petitioner, was not supported by the record;

(3) Even if it be assumed, without it appearing in the record, that, as contended by the petitioner, there existed a natural system of drainage in the territory described in the act which would be satisfactory if not subjected to drainage of land of the cemetery corporation, the validity of the act was not affected, the record showing that the plain purpose of the Legislature in passing the act was not for the private benefit of the cemetery corporation;

(4) The statute was not violative of the Fourteenth Amendment to the Federal Constitution, nor of art. 10 of the Declaration of Rights of the Constitution of this Commonwealth.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on July 15, 1926, and described in the opinion.

The parties agreed upon a case stated, and, by order of *Pierce*, J., the case was reserved for determination by the full court upon the petition, the answer, the return and the case stated.

*W. J. Barry*, for the petitioner.

*R. Clapp*, Assistant Attorney General, for the respondent.

CROSBY, J. This is a petition for a writ of certiorari to quash certain proceedings relating to the taking by the respondents of easements in lands of the petitioner for surface and ground water drainage, as set forth in an order of the respondents dated May 20, 1926. The respondents purported to act under the provisions of St. 1924, c. 456. The case is before this court upon a case stated.

The petitioner is the owner in fee of about thirteen acres of farm land with the buildings thereon situated on the north side of Fuller Street, in Everett. The Woodlawn Cemetery Corporation is the owner in fee of a cemetery consisting of one hundred and sixty-five acres on the south side of Fuller Street opposite the petitioner's farm. The cemetery corporation also owns a small triangular shaped parcel on the north side of the street which juts into the petitioner's land. There has been litigation between the petitioner and the cemetery corporation growing out of water being allowed to enter and pass over the land of the petitioner from land of the cemetery corporation. See *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5; 245 Mass. 250; 249 Mass. 281. The taking of easements of drainage under the act covered a large territory in portions of Malden, Everett and Revere, and included certain lands of the petitioner in which under the act a ditch was to be constructed. The takings appeared to have been in conformity with the act, and all the prerequisites to such taking were complied with.

It appears that for a considerable time before the enactment of St. 1924, c. 456, the Legislature had before it for consideration the problem of the surface drainage of the territory in question, and various resolves were enacted for its solution, and for providing a general plan which would embrace a large territory within the limits of the three

municipalities above referred to. On May 3, 1923, a resolve was enacted by which the metropolitan district commission was directed to make an investigation and study of the drainage problems in question and report the result. The commission in compliance with the terms of the resolve made a report to the Legislature (House Document No. 14 of 1924) and recommended the adoption of a plan submitted in a report of its engineer. St. 1924, c. 456, adopted the general plan of drainage of the entire district as recommended by the commission. The act authorizes the commission to make improvements in the surface and ground water drainage of a certain described area of land, including the lands of the petitioner taken for that purpose, and provides that in carrying out such work the commission may acquire by purchase or eminent domain under G. L. c. 79 lands, rights and easements in the name of the city in which they lie, may construct in the land so acquired ditches or structures necessary for the purposes of the act, may change the location of any brook or tributary thereof, and shall have all other powers necessary to carry out such purposes. The act contains other provisions which it is unnecessary here to enumerate.

It is the contention of the petitioner that from the record, including the recitals in the case stated, the following inferences may be drawn: (1) that the statute "was instituted and procured by the agents of the Woodlawn Cemetery Corporation to enable it to avoid the decree of the court restraining it from allowing its water to flow over the land of the petitioner, whereby the property of your petitioner was to be taken ostensibly for a public use, but really for the private use of the Woodlawn Cemetery Corporation, and thus defeat the decree of the court"; (2) "That a natural system of drainage exists in the territory referred to in the legislative enactment which has been neglected, and if repaired will take care of the drainage of said territory if not subjected to the drainage of the Woodlawn Cemetery"; (3) "That the taking of the petitioner's land by the respondents under chapter 456 of the Acts of 1924 is for the sole benefit and advantage of the

Woodlawn Cemetery Corporation, a private party"; and (4) "That chapter 456 of the Acts of 1924 and the taking by the respondents deprived the petitioner of equal rights and due process of law in violation of the Fourteenth Amendment to the Constitution of the United States as well as in violation of article 10, Declaration of Rights of the Commonwealth of Massachusetts."

As to the petitioner's first contention, it is manifest from the purpose of the act and the nature of its provisions that it was intended as an exercise of the right of eminent domain. It authorized the taking of the petitioner's property for a public use. There is nothing in its provisions, or in the case stated, to show that it was procured to be enacted by agents of the cemetery corporation, or that such enactment was for the private use of the cemetery, and to defeat a decree entered by any court in favor of the petitioner against the corporation. To hold that the statute was enacted for the private use or benefit of the corporation would be a conclusion without anything to support it. The act, having been passed with all the requisites to give it validity, must be presumed by this court to be valid unless it appears to be in violation of a constitutional right. *Talbot* v. *Hudson,* 16 Gray, 417. There is nothing to overcome that presumption in the case at bar.

The petitioner further contends that there exists a natural system of drainage in the territory described in the act which would be satisfactory if not subjected to drainage of land of the cemetery corporation. We have no means of determining from the record whether this contention is sound or otherwise. If it be assumed that such is the fact, it would not affect the validity of the act. It is plain that the taking of the petitioner's land is not for the sole benefit of the property of the cemetery corporation but enures to the advantage of all persons in the territory affected by the system embraced in the act, and that the taking is for a public use. *Lowell* v. *Boston,* 111 Mass. 454, 467. *Moore* v. *Sanford,* 151 Mass. 285. *Davis* v. *County Commissioners,* 153 Mass. 218. *Broderick* v. *Department of Mental Diseases,* 263 Mass. 124, 128. The report of the commission provided for

a general scheme of drainage before the Legislature enacted the statute, and it is apparent that the system provided was substantially as set forth in the report of the commission. The plain purpose of the Legislature in passing the act was not for the private benefit of the cemetery corporation as the petitioner contends. It embraced a large tract of land and provided for a general and comprehensive plan of drainage which affects a portion of the inhabitants of the Commonwealth as a community and not merely as individuals.

It is manifest that the statute was not violative of the Fourteenth Amendment to the Federal Constitution, or of art. 10 of the Declaration of Rights. *Hildreth* v. *Lowell,* 11 Gray, 345, 351. *Talbot* v. *Hudson, supra. Salisbury Land & Improvement Co.* v. *Commonwealth,* 215 Mass. 371, 379, 380. *Byfield* v. *Newton,* 247 Mass. 46, 59, and cases cited. *Dickinson* v. *New England Power Co.* 257 Mass. 108, 110, 111, 112. *Otis Co.* v. *Ludlow Manuf. Co.* 201 U. S. 140. *Mount Vernon-Woodberry Cotton Duck Co.* v. *Alabama Interstate Power Co.* 240 U. S. 30, 33. See also *Horton* v. *Prendergast,* 278 U. S. 579.

*Petition dismissed.*