RUTH M. GOLDEN *vs.* EDWARD E. CRAWSHAW, administrator.

Essex.    December 7, 1937. — February 6, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Probate Court*, Appeal. *Supreme Judicial Court*, Jurisdiction.

Under G. L. (Ter. Ed.) c. 215, § 9, this court had no jurisdiction of an appeal from a decree of a probate court claimed more than twenty days after the entry of the decree, though the parties stipulated that the claim of appeal might be filed "as of" a day within that period.

PETITION, filed in the Probate Court for the county of Essex on April 5, 1937, seeking to have the respondent charged on his answer as alleged trustee in previous proceedings.

The case was heard by *Dow*, J. In this court it was submitted on briefs.

*C. F. Leary*, for the respondent.

*J. F. Carens*, for the petitioner.

COX, J. The petitioner brought proceedings in the Probate Court under G. L. (Ter. Ed.) c. 209, § 32, against her husband, John J. Golden. The respondent in the

case at bar was brought into the proceedings by a special precept attaching the goods, effects, and credits of the husband in the hands of the respondent as administrator of the estate of Hannah J. Golden. See G. L. (Ter. Ed.) c. 209, § 33, as amended by St. 1933, c. 360. G. L. (Ter. Ed.) c. 246, § 21. From a decree dated April 29, 1937, charging the respondent as trustee upon his answer, he filed a claim of appeal on May 24, 1937. At the bottom of the claim of appeal that was filed appears the following: "This may be filed on May 24, 1937 as of May 19, 1937 by agreement of parties hereto," followed by the signatures of counsel for the petitioner and the "Trustee."

G. L. (Ter. Ed.) c. 215, § 9, provides that "A person aggrieved by an order, decree or denial of a probate court . . . may, within twenty days after the entry thereof, appeal from the same to the supreme judicial court . . . ." As to the computation of the twenty-day period, see *Grant* v. *Pizzano*, 264 Mass. 475, 477. If this court has no jurisdiction of this proceeding it is its duty to consider such a point of its own motion. *Commonwealth* v. *Andler*, 247 Mass. 580, 582. We think it is clear that the court has no jurisdiction because of the lack of compliance with the provisions of c. 215, § 9. The time requirement of this section within which an appeal may be taken is mandatory, and no provision exists for its modification by agreement of parties. Compare *Bearce* v. *Bowker*, 115 Mass. 129, 130, *Attorney General* v. *Barbour*, 121 Mass. 568, 573, *Humphrey's Case*, 226 Mass. 143, 145, and *Massachusetts Drug Co.* v. *Bencks*, 256 Mass. 535, 536. Although the provisions of our statutes as to appeals require strict interpretation, see *Attorney General* v. *Barbour*, 121 Mass. 568, 572, 573, *Bartlett* v. *Slater*, 183 Mass. 152, *Linehan* v. *Linehan*, 223 Mass. 297, *Hall* v. *Boynton*, 225 Mass. 438, *Humphrey's Case*, 226 Mass. 143, *Untersee* v. *Untersee*, 299 Mass. 425, nevertheless if the respondent, by accident or mistake, omitted to claim an appeal within the time prescribed, he was not without a remedy. He could have petitioned this court for leave to appeal under G. L. (Ter. Ed.) c. 215, § 15. Upon this record we have no jurisdiction.

*Appeal dismissed.*