Carr, J.
"This is an action against ¿ foreign corporation. The office’s return states that he summoned it to appear ¿nd answer at Court as within ¡directed, by delivery to A. Melendez Esq;, its clerk, and the officer in charge of its business, a summons' together with "an attested'copy of this writ. The defendant' appeared specially and filed ¿ piea to thé jurisdiction alleging that it had no place' of business in the-"Commonwealth arid had never registered in this Commonwealth as a foreign corporation doing business here.
There was a hearing on the plea and the defendant filed eight requests for rulings. The trial judge gave all the requests rightly we think, but in any event the defendant having requested them cannot complain that they were given. Dennis v. Maxfield, 10 Allen 138, 143; Noble v. American Express Co., 234 Mass. 536, 539.
The trial judge made the following finding: “I find as a fact that at the time of the issuance of this writ the defendant corporation had its usual place of business in Boston”.
*101 The defendant claimed in its draft report (which was not adopted by the trial judge) that this finding was a ruling and now so argues in its brief. Obviously it is not. In all its requests for rulings there was not one which sought a determination of what findings the evidence would bear.
It is a well established rule that a party cannot have findings of fact reviewed unless by appropriate requests for rulings he has made the issue a question of law. Stowell v. Hood & Sons, Inc., 288 Mass. 555, 556, Lender v. London, 286 Mass. 45, 46, Reid v. Doherty, 273 Mass. 388, 389, Mullen v. Bonded Oil System, Inc. No. 32534 of this court, (50 App. Div. 392).
No requests for rulings having been asked as to what findings the evidence would warrant, the trial judge was under no duty to report the question and we cannot tell whether the report he made sets forth all the evidence on this subject. The burden is on the party seeking review to show that it is injured. Martin v. Murphy, 216 Mass. 466, 468, Vengrow v. Grimes, 274 Mass. 278, 279.
The defendant complains of the report which the trial judge made. If it felt that the draft report which is filed should have been adopted and made by the judge, its remedy was to petition the Appellate Division to establish it. Gen. Laws (Ter. Ed.) Ch. 231, §108, Rule 30 of this court, Lord v. Nelson, No. 241004 of this court, (36 App. Div. 79).
After report to the Appellate Division had been claimed, the defendant terminated the controversy by appearing generally on December 13,1938. Appearing generally, it waived all questions in regard to service and submitted itself to the jurisdiction of the Court. Gahm v. Wallace, 206 Mass. 39, 44, Riley v. Brusendorff, 226 Mass. 310, 312.
This is not a case where the Court did not have jurisdiction of the subject matter of the controversy, cf. Locomobile Co. v. Commonwealth, 232 Mass. 16, cf. Paige v. Sinclair, 237 Mass. 482.
Report dismissed.