COMMONWEALTH *vs.* SANTOS RODRIQUEZ.

Hampden.  December 5, 1955. — February 2, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Practice, Criminal,* Appeal.  *Supreme Judicial Court,* Jurisdiction.

The twenty day period after verdict provided for claiming an appeal
under G. L. (Ter. Ed.) c. 278, § 33B, cannot be extended, and this
court had no jurisdiction of a case where the claim of appeal was
filed by the defendant in the Superior Court after the expiration of
that period although within an extended time purportedly allowed
by the trial judge; c. 211, § 11, as amended, relative to late entry of
cases in this court was inapplicable.

INDICTMENT, found and returned on May 7, 1954.

The case was tried in the Superior Court before *Murray,* J.

*Walter A. Swift,* (*John J. O'Connor* with him,) for the
defendant.

*Walter J. Griffin,* Assistant District Attorney, (*Stephen A.
Moynahan,* District Attorney, with him,) for the Common-
wealth.

SPALDING, J.   At the threshold lies a question of juris-
diction which must be noticed.   Following his conviction
for murder in the second degree, the defendant attempted to
bring the case here by appeal under G. L. (Ter. Ed.) c. 278,
§ 33B.   Since this was an indictment for murder it was
subject to §§ 33A–33G of c. 278 and the case was appealable
under § 33B.   That section provides that one desiring to
appeal "shall, within twenty days after verdict," file his
claim of appeal.   The verdict here was returned on Decem-
ber 14, 1954, but the claim of appeal was not filed until
March 16, 1955, more than three months later.   True, on
December 29 the judge allowed the defendant's motion to
extend the time for claiming an appeal to January 17, and
on January 10 a motion to further extend the time until
March 17 was allowed.   But these purported extensions were

of no effect. The time requirement within which an appeal may be taken under § 33B is mandatory (*Commonwealth* v. *McKnight*, 289 Mass. 530, 538, 540), and could not be extended either by consent of the parties or by the court. See *Attorney General* v. *Barbour*, 121 Mass. 568, 573; *Humphrey's Case*, 226 Mass. 143; *Boston* v. *Santosuosso*, 308 Mass. 202, 209, construing a similar provision governing equity appeals. See also *Golden* v. *Crawshaw*, 302 Mass. 343, with respect to appeals from the Probate Courts.

The defendant recognizes that his appeal may not have been seasonable and has presented to this court a petition for a late entry of the appeal, presumably under G. L. (Ter. Ed.) c. 211, § 11, as amended. But that section has no application to a situation of the sort here involved. That section applies only to the late entry of a case in this court; it does not empower us to permit a late appeal. The defendant's difficulty is not that his case has been entered late in this court but rather that he has not seasonably claimed an appeal. Where a party has not claimed an appeal seasonably in an equity case or in a case in the Probate Court he may, upon showing accident or mistake, petition this court for leave to appeal late. G. L. (Ter. Ed.) c. 214, § 28; G. L. (Ter. Ed.) c. 215, § 15. But there is no similar provision with respect to appeals under § 33B. It follows that the appeal is not rightly here and that this court has no jurisdiction over the case. *Attorney General* v. *Barbour*, 121 Mass. 568, 573. *Humphrey's Case*, 226 Mass. 143, 145. *Golden* v. *Crawshaw*, 302 Mass. 343. We might add that a careful examination of the record reveals no error in the conduct of the trial.

*Appeal dismissed.*
*Petition for late entry*
*denied.*