*Angus M. MacNeil,* for the plaintiffs.

*Morris Michelson,* for the defendant.

LUCY D. ADAMS *vs.* MATTHEW R. DYKSTRA & another. November 5, 1956. Appeal dismissed. This is an action of contract which was referred to an auditor whose findings of fact were to be final. The auditor found for the plaintiff in the sum of $2.60. The case was heard by a judge solely on the auditor's report. The defendants presented a motion for judgment in accordance with the report. The plaintiff presented a motion that judgment be entered for the plaintiff in the sum of $1,816.46. On March 20, 1956, the judge granted the defendants' motion and ordered judgment for the plaintiff in the sum of $2.62 (*sic*). On the same day the judge denied the plaintiff's motion for judgment. On April 11, 1956, the plaintiff filed a claim of appeal "from the order . . . denying the plaintiff's motion for judgment . . . ." The defendants contend that the plaintiff's appeal is not properly before us and we are of opinion that this contention must be sustained. Since the findings of the auditor were final, the plaintiff could have appealed from the order for judgment on the report under G. L. (Ter. Ed.) c. 231, § 96. *Edin-*

*burg* v. *Allen-Squire Co.* 299 Mass. 206, 207. The plaintiff, however, appealed from the denial of her motion for judgment. This was not appealable under § 96; it was not an appeal from an order for judgment on an auditor's report; nor was it from an "order decisive of the case." *Old Mill Point Club, Inc.* v. *Paine,* 308 Mass. 505, 506. But even if we should treat the paper filed by the plaintiff as in substance an appeal from the order for judgment on the auditor's report, the plaintiff's position is no better. Section 96 provides that "An appeal from an order . . . shall be claimed within twenty days after it is made." This requirement is mandatory and an appeal which does not comply with it is not properly before this court. See *Attorney General* v. *Barbour,* 121 Mass. 568, 573; *Humphrey's Case,* 226 Mass. 143, 145; *Golden* v. *Crawshaw,* 302 Mass. 343; *Commonwealth* v. *Rodriquez,* 333 Mass. 501. The plaintiff's claim of appeal, which was made more than twenty days after the order for judgment (if such it was), was not seasonable.

The case was submitted on briefs.

*Edward C. Maher & Matthew R. McCann,* for the plaintiff.

*William T. Buckley,* for the defendants.