COMMONWEALTH *vs.* JOEL R. DORIUS.

Hampshire.   November 6, 1961, January 26, 1962. — February 5, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Practice, Criminal,* Appeal, Finding by judge.   *Supreme Judicial Court,*
Jurisdiction.   *Words,* "Verdict."

In G. L. c. 278, § 33B, the word "verdict" must be construed to include
the judge's finding in a criminal case heard without jury.   [534]
This court had no jurisdiction of an appeal purportedly taken under G. L.
c. 278, § 33B, in a criminal case involving a felony other than murder
or manslaughter where, although the claim of appeal was filed within
twenty days after a finding of guilty by a judge sitting without jury,
no order making the case subject to §§ 33A–33G was requested or made
until after the expiration of such twenty days.   [535–536]

COMPLAINT, received and sworn to in the District Court
of Hampshire on September 7, 1960.

On appeal to the Superior Court the case was heard without jury by *Taveira, J.*

*William P. Homans, Jr.,* for the defendant.

*Edward J. McCormack, Jr.,* Attorney General, *Leo Sontag,* Assistant Attorney General, *Sanford Keedy,* District Attorney, *Oscar Grife,* Assistant District Attorney, *& Joseph A. Laurano,* Assistant District Attorney, for the Commonwealth, submitted briefs.

*Reuben Goodman, James M. Harkless, & Daniel D. Levenson,* by leave of court, submitted a brief as amici curiae.

WILKINS, C.J.   This complaint under G. L. c. 272, § 28A, as amended by St. 1959, c. 492, § 2, charges the defendant with unlawfully having in his possession certain obscene pictures and other things for the purpose of exhibition, loan, and circulation.   After conviction in the District Court of Hampshire he appealed to the Superior Court. There he was tried by a judge sitting without jury, and was found guilty on October 11, 1960.   On October 27 he

filed a claim of appeal purportedly under G. L. c. 278, §§ 33A–33G. On November 1, 1960, the twenty-first day after the finding of guilty, he filed a motion, which was allowed on the same day, to make the proceedings subject to c. 278, §§ 33A–33G. Also on November 1, a second and similar claim of appeal was filed. This procedure is only one of a number of ways in which a defendant may secure in this court a review of his conviction in a criminal case. *Guerin* v. *Commonwealth,* 337 Mass. 264.

The parties agree in their briefs that there was no standing order making felony cases subject to c. 278, §§ 33A–33G.

The crime with which the defendant was charged was a felony, other than murder or manslaughter, which could be made subject to §§ 33A–33G, "by order of the court." G. L. c. 278, § 33A (as amended through St. 1955, c. 352, § 1).[1] But by § 33B, as so amended,[2] the claim of appeal where exceptions have been seasonably saved is to be filed "within twenty days after verdict." In this statute "verdict" must be construed to include a finding by a judge sitting without jury. See *Commonwealth* v. *Hull,* 296 Mass. 327. Compare *McKinley* v. *Warren,* 218 Mass. 310, 312; *Fisher* v. *Drew,* 247 Mass. 178, 181; *Ashapa* v. *Reed,* 280 Mass. 514, 515; *Commonwealth* v. *Carter,* 306 Mass. 141, 143.

In *Commonwealth* v. *Silvia, ante,* 130, 132–133, the defendant filed motions, two in seven days and one in four-

---

[1] "In any proceedings or trials upon an indictment or complaint for any felony and for any misdemeanor tried with a felony the evidence shall be taken by an official stenographer or by a stenographer appointed by the court.

"In any proceeding or trial upon an indictment for murder or manslaughter or, by order of the court, upon an indictment or complaint for any other felony, and a misdemeanor tried with such felony made subject to this and the six following sections, the evidence taken as above provided shall be transcribed in such number of copies as the court may direct. . . ."

[2] "A defendant in a case of murder or manslaughter, or of another felony and a misdemeanor tried with it and made subject to sections thirty-three A to thirty-three G, inclusive, by order of court as provided herein and in sections thirty-one and thirty-three A, aggrieved by an opinion, ruling, direction or judgment of the superior court, rendered upon any question of law arising out of such case or upon a motion for a new trial, but not upon a plea in abatement, who desires to appeal therefrom and whose exceptions thereto have been seasonably saved, shall, within twenty days after verdict, file a claim of appeal in writing with the clerk, who shall forthwith notify the district attorney of such claim. . . ."

teen days after verdict, seeking to make the trials of three indictments subject to §§ 33A–33G. We upheld the action of the judge in allowing the motions, stating that the "order was, in effect, a part of the appellate process, and was made before the expiration of the time for appeal" (p. 133).

In the case at bar the time for appeal had expired before the defendant moved to make the trial subject to §§ 33A–33G. In *Commonwealth* v. *Rodriguez,* 333 Mass. 501, there was an indictment for murder, which was automatically subject to these sections of c. 278. The defendant did not attempt to appeal until more than three months after the verdict, although the judge within the appeal period of twenty days granted an extension of time in which to claim an appeal, and the actual claim was filed within the scope of a further extension of time. We held (p. 502) that the time within which an appeal may be taken under § 33B could not be extended by consent of the parties or by action of the court.

In the case at bar the second appeal was filed too late. *Commonwealth* v. *McKnight,* 289 Mass. 530, 538. *Commonwealth* v. *Rodriguez,* 333 Mass. 501. The issue, hitherto undecided, is the effect, if any, to be given to the appeal filed within the appeal period, where the motion to make the case subject to §§ 33A–33G was not filed until after the expiration of that period.

The first appeal lacked validity when made on October 27. On that date the judge had not exercised his discretion to make the case subject to §§ 33A–33G. Indeed, he had not been asked to do so. This did not happen until November 1 when the motion was filed and allowed. As was pointed out in the *Silvia* case, the statutory purpose is the elimination of delay.

Section 33B allows a defendant in a case of "another felony . . . made subject to" §§ 33A–33G to file a claim of appeal as therein prescribed. This section does not read "which may be made subject" at any future time within the discretion of the trial judge. There is manifest a legislative intent that there be an effective appeal filed within

twenty days of the verdict or the finding. The determination whether there is an effective, timely appeal has not been made contingent upon the allowance of a motion by the trial judge at any indefinite future date. We are of opinion that § 33B does not permit a judge to make a case subject to §§ 33A–33G after the expiration of the twenty day period. Otherwise a statute designed to end delay might become a source of delay. We are constrained to hold that we lack jurisdiction of this appeal.

In *Commonwealth* v. *Conroy*, 333 Mass. 751, 757, an irregularity in sentence was corrected on appeal instead of requiring the defendant to bring another proceeding. This case is no authority where the court lacks jurisdiction.

*Appeal dismissed.*