Hely, J.
This is a close case on summary judgment. The court concludes that the plaintiff has enough evidence to go to a trial against Sprague Energy, Corp.
Proof of an' accident is not alone enough to prove that there was negligence by anyone. Inferences drawn by a jury must be “based on ‘probabilities rather than possibilities’ and not the result of ‘mere speculation . . . ’ ” Poirier v. Plymouth, 374 Mass. 206, 212 (1978). A plaintiff in a negligence action must demonstrate “a greater likelihood” that his injuries were caused by negligence of the defendant than by some other cause. Alholm v. Wareham, 371 Mass. 621, 626-27 (1976).
If the summary judgment materials show an absence of evidence to permit a finding for the plaintiff, the defendant is entitled to summary judgment. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-12 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). This is true whether the plaintiffs claim is negligence, unlawful discrimination, or any other cause of action.
In this case, the court has relied on the depositions of the plaintiff and other persons in the area at the time of the accident rather than on the plaintiffs answers and supplemental answers to interrogatories. The plaintiffs answers to interrogatories describe what he believed happened from what others told him. He candidly admitted in his deposition that he had no memory of how he was injured. Plaintiffs Dep. 73-75, 91, 94-96, 112-13.
The summary judgment evidence must be considered in the light most favorable to the opposing party. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). The severe nature of the plaintiffs head injuries and the circumstantial evidence including the observations of the plaintiffs condition and behavior at the Sprague terminal are enough to permit a reasonable inference that his head injury was caused by a fall from the top of his trailer and not from a ground-level fall.
Evidence of a party’s past negligence (plaintiff or defendant) is generally not admissible to show that the party was negligent at the time of the accident. In this case, however, the plaintiff has testified that the pipe he loaded from leaked “every Wednesday before that for three weeks prior to.” Plaintiff Dep. 104, 99, 109, 139-40, 154, 156. He testified that he remembered oil leaking from this bay as recently as February 4, one week before the accident. Plaintiffs Dep. 104. The plaintiff testified that he complained about this to a Sprague terminal employee “every time I went in there and loaded kerosene.” Plaintiffs Dep. 113. The leaking made the catwalk slippery. Plaintiffs Dep. 168-69. On prior occasions to avoid slipping on the leaking oil, he brought rags to the top of his trailer to wipe up the oil. Plaintiffs Dep. 118-19. This evidence is admissible to show the existence of a single continuing unsafe condition observed three times in the three weeks leading up to the accident. See Denton v. Park Hotel, Inc., 343 Mass. 534, 537-28 (1962).
There is also testimony that the plaintiff remembered that on the day of the accident, at a stop following his Sprague stop, he saw oil flowing from the rear ladder drain. Plaintiffs Dep. 193-96. This evidence supports a finding that there was some oil spilled on the trailer top at the Sprague terminal, although by itself it does not show the cause of the spill.
When all the evidence is considered together in the light most favorable to the plaintiff, a jury could reasonably find that negligence by the defendant in the form of an unsafe leaking condition was more likely than not the cause of the plaintiffs fall. The fact finder at trial cannot find for the plaintiff unless the elements of his case are established on a more likely than not standard in the sense of an actual belief in the truth of those elements derived from the evidence and notwithstanding some remaining doubts. Stepakoff v. Kantar, 393 Mass. 836, 842-43 (1985). Applying this standard and considering all the evidence and reasonable inferences in the light most favorable to the plaintiff, the jury could reasonably find that there was negligence by the defendant in the form of a continuing oil leak that it had been warned about and that the plaintiffs injuries were caused by this negligence.[1]
ORDER
The joint motion for summary judgment by Sprague Energy, Corp. and North American Oil Corp. is denied.

Glidden v. Maglio, 430 Mass. 694, 697-99 (2000], is an authoritative recent example of insufficient evidence that the plaintiffs fall was caused by negligence of the defendant. Poirier v. Plymouth, supra, is an example of a fall of uncertain cause where the court mled that the evidence and permissible inferences were enough for the plaintiffs case to get to the jury.
The court will not accept the plaintiffs invitation to apply a presumption that the plaintiff was exercising due care. At the present summary judgment stage, there is no evidence of a lack of due care by the plaintiff. Cf. Morgan v. Lalumiere, 22 *566 Mass.App.Ct. 262, 265 (1986) (Instruction on presumption of due care under G.L.c. 231, §85, par. 3, “has been commented upon with disapproval”).