JOSEPH LIPSITT *vs.* ARTHUR W. WALMSLEY.

Bristol.    October 22, 1934. — January 2, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Attachment,* Successive attachments, Dissolution.    *Attorney at Law.*

Personal property of a corporation was attached in an action brought against it. Its attorney, by a check signed by him as "Agt.", paid $400 to the attaching officer, who made a return that the corporation gave the plaintiff in that action "a bond in the sum of $400 cash," that the attachment was thereupon dissolved, and that he delivered the attached property to the corporation and held the "$400 bond subject to the order of the court." An execution issued in that action for a sum less than $400. On the same day another writ was issued against the corporation, and two days later the officer made return thereon that he had made a second attachment upon the money in his hands as property of the corporation. On the same day that he made his return in the second action, the execution in the first action was returned to court satisfied in full. The corporation's attorney brought against the officer an action of contract or tort for the balance left in the officer's hands after satisfying the execution in the first action. A judge who heard the action by the attorney found the foregoing facts and also found, respecting the money deposited with the officer, "This money was the plaintiff's," but ruled "that money deposited in the hands of the attaching officer is to be held by him in the same manner and in place of the property attached and is subject to further attachment by the same officer . . . [and] is to be deemed the property of the defendant, the same as the personal property actually attached"; and found for the defendant.    *Held,* that

(1) It must be assumed from the rulings made by the trial judge that he inferred, from the relation of the plaintiff attorney to the corporation and from the return made by the officer on the writ in the first action, that the money was paid to the officer, not for his indemnification, although that might result, but as a loan to the corporation;

(2) In such circumstances, the money paid to the officer became subject to successive attachments against the corporation while the officer held the money.

CONTRACT OR TORT. Writ in the Third District Court of Bristol dated June 24, 1933.

The action was heard in the District Court by *Milliken,*

J. Material facts and some rulings made by him are described in the opinion. He also ruled as follows: "I hold that money deposited in the hands of the attaching officer is to be held by him in the same manner and in place of the property attached and is subject to further attachment by the same officer; it is a mere substitution of one species of property for another which is authorized by the statute and remains in the custody and possession of the officer, the money so deposited is to be deemed the property of the defendant, the same as the personal property actually attached, which money is held in the words of the statute 'in place of the property attached.'"

The judge found for the defendant and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*J. Lipsitt*, pro se.

*S. Rosenberg*, for the defendant.

PIERCE, J. This is an action of contract or tort. It comes before this court on an appeal by the plaintiff from the findings, decision and order of the Appellate Division dismissing the report of the trial judge.

The plaintiff's declaration is in two counts, (1) for money had and received to the plaintiff's use; and (2) alleging that the defendant in his capacity of deputy sheriff made attachments of the personal property of the Blackmer Pharmacy, Inc., and the plaintiff, in lieu of bonds, in order to dissolve the attachments deposited $700 in cash; that judgments were recovered against the corporation in the sum of $386.02 which included costs; and that the plaintiff has demanded of the defendant the difference of $313.98 which the defendant refuses to pay. The defendant answers general denial; and further answering says that acting as deputy sheriff he attached by two writs the property of the Blackmer Pharmacy, Inc., and received cash to be held in lieu of the property attached; that thereafter another writ was given to him against the same defendant; that from the money held by him he satisfied two executions and is holding the balance on the third attachment.

The judge of the District Court found the following facts: On a writ dated April 21, 1933, the defendant as deputy sheriff attached personal property of the Blackmer Pharmacy, Inc., and made return that on April 22, 1933, the corporation gave the plaintiffs in that action (Johnson *v.* Blackmer, Inc.) "a bond in the sum of $400 cash"; that the attachment was thereupon dissolved, the defendant delivered the attached property to the corporation and holds the "$400 bond subject to the order of the court." The plaintiff in the present action was the attorney for the corporation, and the defendant gave him a receipt for the $400 in lieu of bond to dissolve the attachment. This amount was drawn from a national bank on a counter receipt (check) signed "Joseph Lipsitt, Agt." On May 3, 1933, another writ issued against the corporation. The defendant, as deputy sheriff, attached its personal property and on the same day made return on the writ that the corporation gave to the plaintiffs "a $300 cash bond"; that thereupon he delivered the attached property to the corporation and "holds the cash bond subject to the orders of the court." The amount of $300 is evidenced by a check on the Fairhaven National Bank to the order of the defendant, and signed by "Joseph Lipsitt, Agt." The check was indorsed by the defendant: "in lieu of bond to dissolve attachment Johnson *vs.* Blackmer, Inc.," and was collected and held by the defendant. "This money was the plaintiff's." The two actions went to judgment in favor of the plaintiffs therein on June 9, 1933; executions duly issued on June 17, 1933, and both were returned June 19, 1933, satisfied in full, the first by levy upon the $400 in the defendant's possession, leaving a balance in his hands of $170.60. In both these executions the defendant made return thereon, "I am holding the balance subject to attachment against the defendant." On June 17, 1933, the day executions issued in the two actions, another writ issued against the corporation and the defendant made return thereon dated June 19, 1933, that he had attached as the property of the defendant the cash held by him in lieu of bonds on the two previous actions, being his second attachment as to each. This action

went to judgment by default in favor of the plaintiffs on July 14, 1933, for $229.51 with costs of $8.51. Execution issued thereon on July 15, 1933, but does not appear to have been served.

G. L. (Ter. Ed.) c. 223, § 120, *et seq.*, makes provision by which a defendant may dissolve an attachment of his property by giving bonds as therein provided. Section 133 provides that "A bond which is required to be given by a party to a civil action or proceeding may be executed by any person other than the party to the action or proceeding, and may be approved in the same manner as if executed by such party, if it appears to the magistrate who approves it that there is good reason why it is not executed by him." Section 128 provides that "A defendant may dissolve an attachment by depositing with the attaching officer an amount of money equal at least to the amount of the ad damnum in the writ, which the officer shall hold in place of the property attached and which shall be subject to be disposed of in the same manner." The trial judge found no statute, and our attention has not been directed to any, which authorizes a third person to make a deposit of money with an attaching officer, as in the case of a bond under G. L. (Ter. Ed.) c. 223, § 133, and found that at the time of the commencement of the plaintiff's action (June 24, 1933) the defendant (in his said capacity) had a valid attachment upon the money held by him in the same manner and in place of the property (originally) attached; and he found for the defendant.

At the trial in the District Court the plaintiff duly made seven requests for rulings.* Of these the trial judge gave the first and fifth, denied the second and third, gave the fourth and sixth in part, and refused the seventh as not

---

* 1. An amount of money paid to an attaching officer to dissolve an attachment of property is given for the purpose of providing the attaching creditor with something upon which to levy, should he prevail in the action begun by that attachment.

2. Any balance which may exist after levying the amount of the judgment and costs belongs to the person or persons who provided the money for the purpose of dissolving the attachment.

3. Money provided by a third person for the purpose of dissolving an attachment of property is not the money of the attached debtor and is not subject to further attachment for debts of the defendant.

germane.  The defendant duly requested five rulings.*  Of these the first, second, fourth and fifth were given, and the third was covered by the findings, *supra.*

In this Commonwealth the writ of attachment authorizes the seizure of personal property of the defendant to satisfy any judgment which the plaintiff may recover.  The attachment is incidental to the personal action and was unknown to the common law.  The form of the original process in civil actions and the summons where goods are attached appears in St. 1784, c. 28.  We assume that the court always had authority to dissolve the attachment for irregularities or for failure of the plaintiff to comply with the provision of the statute as to summons, and also that a stranger to the action may not intervene, in the absence of a statute, to have the attachment dissolved unless such person has acquired an interest in the attached property.  *Baird* v. *Williams,* 19 Pick. 381.  *Peirce* v. *Richardson,* 9 Met. 69. Outside the field of irregularities and the failure to serve a summons, an individual defendant or a corporate defendant could not have an attachment of his or its goods or estate on mesne process in a civil action dissolved without giving bond with sufficient sureties approved in the manner provided by that statute.  St. 1838, c. 163, § 20.  St. 1851, c. 327, § 18.

---

4. Cash given to dissolve an attachment is not a bond, although it has the effect of a bond.

5. Cash given to dissolve an attachment is not a bond if given specifically in lieu of a bond.

6. A bond to dissolve an attachment is a guaranty that the surety thereon will pay any judgment obtained by the plaintiff; cash given "in lieu of bond" is something upon which the plaintiff can directly levy in satisfaction of his judgment and costs.

7. There is no common law or statutory provision in Massachusetts which prohibits any person of proper age from providing cash in an amount acceptable to the attaching creditor for the purpose of dissolving an attachment.

* 1. When the plaintiff paid the $700 to the defendant who was the attaching officer, it was received to be held in place of the attached property and subject to be disposed of in like manner.

2. The attachment by the defendant on the third writ of the money deposited in the first two actions, all between the same parties and prior to the satisfaction of the executions in the first two actions, is valid.

3. On the delivery to the defendant of the execution in the third action, the defendant should satisfy the same out of the surplus in his hands.

4. The plaintiff is not entitled to receive any money from his deposits until after the satisfaction of the execution in the third action.

5. The returns of the officer on the writs whereon he obtained the money now claimed by the plaintiff are conclusive.

G. L. (Ter. Ed.) c. 223, § 120, (without citation of preceding statutes from which it is derived,) provides for dissolution of an attachment of property by giving bond approved by the plaintiff, or by certain named officials, "conditioned to pay to the plaintiff . . . after the final judgment . . . such amount . . . as he may recover." Section 125 provides for the dissolution of an attachment by the giving of a bond to the plaintiff, conditioned to pay the value of the property so released. St. 1897, c. 404, (G. L. [Ter. Ed.] c. 223, § 128,) provides that when "in any civil proceeding, an attachment of property is made, the defendant may . . . dissolve said attachment by placing a sum of money in the hands of the officer making such attachment, equal at least to the amount of the ad damnum in the writ . . . [which] shall be held by him in the place of the property attached, subject to be disposed of in the same manner as the property attached . . . ."

St. 1822, c. 93, § 1, (Rev. Sts. c. 90, § 57,) provides for the sale of personal property attached where the debtor and all attaching creditors consent; and further provides that the proceeds of the sale shall be held by the attaching officer, "and shall stand bound to respond the judgment or judgments to be rendered upon such writ or writs, in the same manner as if the said goods had remained specifically in the hands of such officer, and sold on execution"; § 2 (Rev. Sts. c. 90, § 58) provides for the sale of perishable property attached, or property attached which "cannot be kept without great and disproportionate expense," and provides for an appraisal of such property; § 3 (Rev. Sts. c. 90, § 62) provides that the goods so appraised shall "be delivered and restored to the defendant . . . on giving bond to the Sheriff . . . in a sufficient penalty, with two sufficient sureties, conditioned to satisfy the judgment . . . which may be recovered . . . or to pay over the appraised value of such goods, towards the satisfaction of the execution . . . to any officer . . . to whom the same may be committed," within a specified time; § 5 (Rev. Sts. c. 90, § 71) provides that the proceeds of the goods sold by consent or after appraisal shall be liable to be further attached

by the attaching officer "as the property of the original defendant, in the same manner as the goods themselves would have been liable, had the same remained specifically in the hands of such officer."

It is plain that the plaintiff in the case at bar on the facts could not have had an action in any form against the corporation to recover the balance of money deposited after the satisfaction of the judgments in the actions pending when the attachments were dissolved. We do not understand the plaintiff contends otherwise; his contention is that the $700 paid to the officer was paid not in behalf of the corporation but for his own interest, with his own money, to indemnify the attaching officer for his surrender of the attached property. It was held in *Foster* v. *Clark*, 19 Pick. 329, that a note given to the attaching deputy sheriff by a sister-in-law of the debtor, residing in his house, to dissolve an attachment of furniture in the house was not void for want of legal consideration, and that it could be enforced for so much as was needed to satisfy the execution and costs in the action. The court said (page 333), "in our opinion, a note fairly given by a friend of the debtor at his request or with his consent, may well be enforced at law." It appeared in the statement of facts that a few days after the date of the note the debtor, one Clapp, gave a mortgage on the furniture to the maker of the note in suit. The inference is plain that the note in *Foster* v. *Clark* was given at the request of the debtor in the attachment action, and when paid raised an obligation against that person. It may be possible that an interested person may pay money or give a note to the attaching officer to indemnify the officer from any liability arising to him because of the dissolution of the attachment, without the request of the debtor and without any legal claim to reimbursement by that debtor, but such a situation is not natural and must be proved as a fact. We assume from the rulings made by the trial judge that he inferred from the relation of the plaintiff to the corporation and from the returns made by the defendant as attaching officer, that the corporation gave the plaintiffs in the original actions "cash" bonds in the total sum of $700, that the

money was paid to the officer, not for his indemnification, though that might result, but as a loan to the corporation, and that the deposit bore the same relation to the rights and remedies of creditors as would have resulted if its treasurer had paid corporate funds to the attaching officer to dissolve an attachment of corporate property during the pendency of the action in which the property was seized. In such circumstances the money paid by the plaintiff to the defendant became subject to successive attachments against the corporation while the attaching officer held the cash deposits.

*Order dismissing report affirmed.*