*Western District*

## ERNEST L. LEGROS, ADMINISTRATOR
### v.
### HENRY J. COUTURE

*Present:* Riley, P. J., Hobson & Moore, JJ.

Case tried to *Goodfellow, J.,* in the District Court of Fitchburg.

*Riley, J.* The trial judge sustained the defendant's demurrer to the plaintiff's declaration on the ground that there was no consideration moving from the plaintiff's testator to the defendant.

The plaintiff's declaration is as follows:

"And the plaintiff says that he is the duly appointed administrator, with the will annexed, of the goods, effects and estate of Victor Legros, late of Fitchburg in the County of Worcester; that the defendant is the father of David E. Couture, a minor; that said David E. Couture and one Joseph Sequin, a minor younger in age than said David E. Couture, on or about October 22, 1954 intentionally set fire to a one story portable building on Chester Street, in Fitchburg, Mass., which building and property therein was owned by said Victor Legros; that said fire destroyed said building and property; that after the fire on the day of said fire the defendant and one Rene Sequin visited said Victor Legros and identified themselves as the fathers of the minors who set said fire; said fathers offered and said Victor Legros accepted said offer to pay for said destroyed property in consideration of said Victor Legros's promise not to institute legal action against said minors who were then in a nervous condition and not to disclose to the St. Joseph School authorities and the general public the cause of said fire; that on or about October 25, 1954 said Victor Legros presented identical bills to said fathers in

the amount of $280.00 and they promised to pay said bills within one week and said Victor Legros promised not to sue as aforesaid for one week and reiterated his promise not to disclose the cause of said fire to the St. Joseph School authorities and to the general public; that said Rene Sequin paid his bill of $280.00 within said week, but the defendant did not pay his bill of $280.00 within said week nor has he paid the whole nor any part thereof to this day; that said Victor Legros forebore from instituting legal action against said minors within said week, nor did he ever disclose the cause of said fire to the St. Joseph School authorities or to the general public; wherefore, the plaintiff says that the defendant owes him the sum of $280.00 plus interest of $17.00, making a total due hereunder of $297.00, demand for payment was duly made by said Victor Legros upon the defendant for said sum of $280.00 on or before November 2, 1954.

And the plaintiff further says that said testate named his widow the sole beneficiary under said will, for whose benefit this action is brought."

The defendant's demurrer is as follows: "Now comes the defendant in the above entitled action and demurs to the plaintiff's declaration and as cause for such demurrer set out the following:

First: The plaintiff's declaration does not state a legal cause of action.

Second: The allegations of the plaintiff's

declaration are insufficient in law to enable the plaintiff to maintain his action.

Third: The plaintiff's declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

Wherefore, the defendant prays that judgment may be entered for the defendant on the plaintiff's declaration."

This is a general demurrer. "Where there is sufficient matter substantially alleged to entitle the plaintiff to his action, the declaration will be good on general demurrer." *Daddario v. Pittsfield,* 301 Mass. 552, 555, 556.

In this case the declaration alleges mutual promises between the defendant and the plaintiff's intestate and the fulfillment of these promises by the plaintiff's intestate and refusal to perform his part of the agreement by the defendant.

In *Foster v. Clark,* 19 Pick. 329, where a note given to an officer to induce him to relinquish or forbear making an attachment of personal property of a third person on a writ against such third person was held to be founded upon a sufficient consideration, it was said at pages 330 and 331:

"Where parties deliberately enter into an agreement with a full knowledge of all the circumstances, without any overreaching or inequality of capacity to contract, the law will not set it aside, but upon clear evidence of the existence of some essential defect or illegality. In such case, the slighest consideration will be sufficient. And it may consist either

in a benefit to the promisor or an injury to the promisee. Here we think both concur. The omission to attach, or the relinquishment of an attachment, at the defendant's request, may well be presumed to be for her benefit. If it were not, why should she desire it? She may well be supposed to stand in some relation to the parties or the property, which shall make it for her interest to procure its release from an existing lien, or a liability to one. She may have some claim upon it, or may wish to attach it, or may have a contract to purchase, or, as was said to be the case here, may have taken or be about to take a mortgage of it. But even the benefit to her friend may be deemed a good consideration."

If a benefit to a friend is sufficient consideration it would seem ample benefits to the defendant's son are set out in the declaration which would be of greater weight because of the relationship of father and son.

The above case is quoted from and cited with approval in *Lipsitt v. Walmsley,* 289 Mass. 43, 49. In *Earle v. Angell,* 157 Mass. 294, a parol contract to pay a person a sum of money conditioned upon his attending the promisor's funeral was founded upon sufficient consideration. In *Gardner v. Denison,* 217 Mass. 492, a promise to name a child after the promisor was enforceable. In *Witherington v. Eldridge,* 264 Mass. 166 at 175, a daughter's promise to suppress her resentment towards her father's wife was valuable and sufficient consideration for the promises of two other parties. In *Hamer v. Sidway,* 124 NY 538, where the defendant's testator agreed with his nephew that if the latter would refrain from drinking liquor, using tobacco, and playing cards or billiards

for money until he was twenty-one, he would pay him $5,000, it was held that the agreement was founded upon good consideration and the nephew could recover from his uncle's estate.

The present declaration also alleges an agreement to forbear bringing suit against the minor son of the defendant and a performance of this agreement by the plaintiff's testator. A forbearance to bring suit for a time is sufficient consideration for a contract. *Howe v. Taggart,* 133 Mass. 284 at 287; *Codman v. Dumaine,* 249 Mass. 451, 458 and c.c.; *Kahn v. Waldman,* 283 Mass. 391, 394.

While a parent is not liable for the torts of his child except in unusual instances, (*Smith v. Jordan,* 211 Mass. 269; *Sousa v. Irome,* 219 Mass. 273; *Gudziewski v. Stemplesky,* 263 Mass. 103) a minor has always been held liable for his own tortious acts. *Homer v. Thwing,* 3 Pick. 492; *Dow v. Lipsitz,* 283 Mass. 132.

Here, the plaintiff's intestate forbore to enforce a possible valid claim against the defendant's son in consideration of the defendant's promise. *Blount v. Wheeler,* 199 Mass. 330 at 336. *Melotte v. Tucci,* 319 Mass. 490, 492 and c.c.

As the Statute of Frauds has not been pleaded in the demurrer there is no occasion to consider its applicability to the plaintiff's declaration. *Stoneham Five Cents Sav. Bank v. Johnson,* 295 Mass. 390, 393, 394. The defendant could waive this defense. *Livingstone v. Murphy,* 187 Mass. 315, 318.

The allegations of the plaintiff's declaration have set forth a cause of action and the demurrer is ordered to be overruled.