*Northern District*

No. 7247

**DENNIS MAZZOLA**

v.

**GEORGE KURKJIAN**
and
**ELEANOR KURKJIAN**
and
**NEWTON NATIONAL BANK**
and
**SUFFOLK FRANKLIN SAVINGS BANK
TRUSTEES**

Argued Mar. 25, 1970    Decided May 18, 1970

*Present:* Brooks, P.J., Connolly, Cowdrey, J.J.
Case tried to *Cullen, J.* in the District Court
of Newton No. 15112 of 1966.

*Brooks, P.J.* *This petition arises out of a building contract case* which was commenced December 16, 1965 by trustee process Newton Savings Bank and Franklin Savings Bank trustees, both answering "No Funds". The ad damum was $12,000. The case was tried three times, the first time before Judge Yesley November 1, 1966 and on seven subsequent days. The second trial was before Judge Cavanagh December 8th, 11th and 15th of 1967. On August 2, 1968 Judge Cavanagh "discharged the case from further consideration." On July 22nd 1969 the case was assigned for trial before Judge Cullen who spent seven days on the case.

> September 9, 1969 the court found for plaintiff in the sum of $7488.
>
> September 12, 1969, defendant filed a motion for a new trial.
>
> September 15, 1969 defendant filed a motion to correct inconsistent findings.
>
> September 15, 1969 defendant filed a motion to extend time for filing a draft report.
>
> September 16, 1969 defendant filed request for report.
>
> September 16, 1969 defendant filed a motion to dismiss the report.
>
> September 18, 1969 motions for new trial and to correct inconsistent findings were denied.
>
> September 18, 1969 defendant's motion to

extend time for filing a draft report was allowed.

September 19, 1969 defendant filed claim of report on denial of motion to dismiss draft report.

September 23, 1969 defendant filed request for report on denial of motions for new trial and to correct inconsistent findings.

October 11, 1969 plaintiff filed motion to dismiss draft report of defendant.

October 20, 1969 defendant's draft report filed.

November 13, 1969 plaintiff's motion to dismiss defendant's draft report denied.

November 13, 1969 plaintiff's motion to discharge trustees denied.

November 13, 1969 plaintiff filed request for report on court's denial of motions to dismiss defendant's draft report and to discharge trustees.

November 21, 1969 plaintiff filed draft report on count's denial of plaintiff's motion to dismiss defendant's draft report and to discharge trustees.

December 16, 1969 "thirty days having elapsed since final hearing on the draft report and the trial justice having neither allowed nor disallowed the claim for a report . . . claim for report disallowed."

December 24, 1969 defendant's petition to establish report filed.

This action was stated to be for money due

under a contract in writing. In addition to the first count in the declaration, there was allowed by amendment November 30, 1967 a second count for labor and materials. At no time did plaintiff file any bond.

It is argued that under G.L. c. 246, § 1 it is necessary to file a bond and therefore that there is a defect in the proceedings, and such defect goes to the jurisdiction of the court.

G.L. c. 246, § 1 provides, so far as pertinent, as follows:

> "All personal actions, except tort for malicious prosecution, for slander or libel, or for assault and battery, and except replevin, may be commenced by trustee process, and any person may be summoned as trustee of the defendant therein; but, except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth, no writ the ad damum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff, if other than a city or town of the commonwealth named therein, in the court wherein such action is commenced, a bond with a surety com-

pany authorized to do business in the commonwealth as surety, or with sureties approved by a justice, associate justice or special justice of such court, etc.''

A real question as to the jurisdiction of the trial court is raised by that court's denial of defendant's motion to dismiss the draft report. However, in view of the substantial amount involved in the action, the time and effort put into the various trials by both sides, also of the fact that the issue of jurisdiction can be raised again if the petition to establish is allowed, we are of the opinion that it be allowed primarily to permit consideration of the trial court's denial of defendant's motion to correct inconsistent findings and for further consideration of the jurisdictional question.

The time and place to correct inconsistent findings is at the hearing of the motion for a new trial or a motion to correct the findings. *Cook* v. *Koslowski,* 351 Mass. 708. *Biggs* v. *Densmore,* 323 Mass. 106. *Godfrey* v. *Caswell,* 321 Mass. 161. It does not appear what, if any, consideration the trial court gave to the matter of inconsistency. It might well be that failure to give adequate consideration was the basis of the denial for the motion for a new trial.

The petition to establish is therefore allowed, issues to be limited to the denial of the motions to correct inconsistencies, and to dismiss for lack of jurisdiction. This procedure will avoid

possible prejudice of defendant's rights and eliminate, at least for the moment, the spending of many days by a judge of this Division in establishing the report.

EDWARD J. DAVIS
  for Plaintiff
EDWARD COSTELLO
    for Defendant