Welsh, J.
This petition to establish a report relates to certain actions taken by the trial judge after judgment in a summary process action.
On December 16,1991, the plaintiff brought this action to recover possession of an apartment in Norton and overdue rent in the sum of $1,539.00. On December 26,1991, the parties entered into an agreementfor judgment whereby the plaintiff was awarded possession and the sum of $1,531.00 with execution to issue on January 6, 1992. Execution was issued on January 7,1992.
On December 22,1992, the plaintiff filed a motion ex parte to charge trustee and for issuance of a trustee’s execution. The trustee named in the motion was the law firm of Armstrong, Pollis & Clapp, Peter DeTrolio and James Dyer. The trustee was not made a party to the action during the pendency of the action, nor had any order entered that they be joined as a party at any time prior to the motion to charge trustee on December 22,1992. On that same date the court issued a trustee execution.
The trustees named filed a draft report in which they clamed to be aggrieved by the court’s allowance of the ex parte motion to charge trustees and to issue trustee execution. The trial judge disallowed the draft report without a certificate stating the reasons for disallowance, as required by Rule 64(c) (5).
An attachment in an action at law is ancillary to a personal action and was unknown to the common law. Lipsitt v. Walmsley, 289 Mass. 43, 47 (1935). Summary process is wholly the creature of statute and can be maintained only in those cases provided by statute. Cummings v. Wajda, 325 Mass. 242, 243 (1950) .There is no statute authorizing attachment in a summary process action.
Rule 4.2 (a) Mass. R Civ. P. and G.L. Chapter 246, §1 limit the availability of trustee process to “personal acuons.” Allin v. Connecticut River Lumber Co., 150 Mass. 560, 562 (1890). “Personal actions are those which are brought for the recovery of a debt or damages for breach of contract, or for a specific personal chattel, or for satisfaction in damages because of some injury to the person or to personal or real property.” Osborn v. Fall River, 140 Mass. 508 (1886). The purpose of summary process is to enable the holder of legal tide to gain possession of premises wrongfully withheld. The right to possession must be proven and legal title may be an issue. Wayne Investment Corporation v. Abbott, 350 Mass. 775 (1966). It is a “real” action since its principal object is the specific recovery of lands, tenements or hereditaments. The fact that since St. 1960, c. 463, §1 permits a claim for rent or use and occupation does not alter the nature of the action.
*200 It might be contended that since the issue of possession is now moot and since the sole element of the judgment remaining unsatisfied is the monetary obligation or debt that attachment by trustee process is available in the context of a summary process action. A similar argument was rejected in an analogous situation. A. Sandler Co. v. Portland Shoe Mfg. Co., 281 Mass. 326 (1935), wherein a count arguably good under trustee process did not cure a defect in subject matter jurisdiction.
The question of jurisdiction can be raised at any stage of the proceedings, even for the first time on appellate argument. Id at 327; Cheney v. Boston & Main Railroad, 227 Mass. 336, 338 (1917). The discretion to order an attachment in an action at law by trustee process or otherwise can be exercised only if there is a personal action pending. The remedy it affords may be sought while the action exists and not thereafter. This action had terminated well before the order for trustee process was entered. There was no jurisdiction to enter the order. The Appellate Division may properly take cognizance of lack of subject matter jurisdiction on a petition to establish. Mazzola v. Kurklian, 44 Mass. App. Dec. 111, 115.
It is ordered that attachment by trustee process be vacated and that the trustee execution be returned forthwith.