Fabricant, Judith, J.
This action arises from a slip and fall at Logan International Airport. Plaintiff Joyce Marchand seeks damages from Massachusetts Port Authority (“MassPort”) and its cleaning contractor, UGL Unicco, Inc. (Unicco). Now before the court is MassPort and Unicco’s j oint motion for summaiy judgment. For the reasons that will be explained, the motion will be allowed.
Background
The summaiy judgment record, considered in the light most favorable to Marchand, provides the following factual background. Around 6:00 p.m. on July 2, 2009, Marchand deplaned from a Lufthansa flight and followed directions of Lufthansa personnel to a corridor within the secure area of the terminal. Three passengers from the same flight walked ahead of Marchand. The corridor was otherwise empiy, and is generally little-used. Marchand observed that the corridor’s floor was “a creamy color” and “extremely shiny,” but she did not notice anything on it.
As she walked through the corridor, Marchand slipped and fell, incurring injuiy. After her fall, she noticed an “oily substance” on her purse, the back of her pants and the heel of her shoe. She has described the substance as “clear to light colored” and smelling like a “cleaning wax or polish.” Other than Marchand’s description, no evidence identifies the substance.
Under a contract with Massport, Unicco cleans all facilities within the airport. Its scope of work, as set forth in the contract, includes cleaning “floor spills,” eliminating “undesirable debris, which can be eliminated by appropriate policing techniques,” and keeping the floors clear of “spills or other undesirable bonded surface residue, which can be eliminated by appropriate damp or wet cleaning techniques.” The contract provides that the work “is to be performed as needed between the hours of 11:00 p.m. — 7:00 a.m. in such a manner so as not to interfere with pedestrian traffic flow.”
Unicco cleans floors in the airport by means of a ride-on machine with a squeegee and “dual vac system” designed to leave floors diy in its wake. The machine uses a citrus-scented, orange-colored substance diluted with water. After the machine passes through a corridor, a Unicco employee customarily mops the comers and edges, places a yellow warning cone, and waits 30 to 45 minutes for the floor to diy. The process generally occurs between 11:00 p.m. and 7:00 a.m. each night. Unicco employees also perform a visual inspection at least once during each eight-hour shift, but Unicco does not document either the time or the results of these inspections.[1] No evidence indicates when Unicco had most recently cleaned or inspected the corridor before Marchand fell, or how many passengers, airline personnel, or others had passed through since.[2]
Discussion
This Court grants summaiy judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). “The moving party must establish that there are no genuine issues of material fact, and that the nonmoving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summaiy judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the burden shifts to the nonmoving party to offer evidence of specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. The nonmoving party cannot rely on “vague and general allegations of expected proof,” but must demonstrate a genuine dispute through admissible evidence. Godbout v. Cousens, 396 Mass. 254, 261 (1985); Dawes, 369 Mass. at 553. The Court considers the evidence offered in the light most favorable to the nonmoving party; it does not weigh evidence, assess credibility, or find facts. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, *299 438 (1995); see Mass.R.Civ.P. 56(c); Dawes, 369 Mass. at 553.
Courts are generally reluctant to grant summary judgment in negligence actions, because of a jury’s unique competence to assess reasonableness in each fact situation. Kelly v. Brigham & Woman’s Hospital, 51 Mass.App.Ct. 297, 300-01 (2001). Nevertheless, summary judgment is warranted when no rational view of the evidence would permit a finding of negligence. Mullins v. Pine Manor College, 289 Mass. 47, 56 (1983). MassPort and Unicco contend that that is the case here. The Court agrees.
To prevail on a negligence claim, the plaintiff must prove that the defendant owed the plaintiff a duty of care, and that the defendant’s breach of that duty proximately caused injury to the plaintiff.[3] Petrell v. Shaw, 453 Mass. 377, 385 (2009). One who owns or controls property owes lawful visitors a common-law duty of “reasonable care in all the circumstances.” Mounsey v. Ellard, 363 Mass. 693, 708 (1973). That duty encompasses the obligation to act reasonably to remedy any hazardous condition on the premises created by the defendant, or of which the defendant knew or reasonably should have known, and to warn lawful visitors of any hazard that would not be apparent. Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 264-65 (1961); see Briggs v. Taylor, 397 Mass. 1010, 1010(1986); Oliveri v. Massachusetts Bay Transp. Auth’y, 363 Mass. 165, 170 (1973). In certain contexts, particularly self-service businesses, a plaintiff may satisfy the requirement of actual or constructive notice by proof that the dangerous condition causing the injury was a foreseeable result of the defendant’s mode of operation. Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780, 791 (2007).
Marchand’s theory is that she fell on cleaning solution that Unicco had placed on the floor in the course of its nightly washing procedure. On that basis, she contends, Unicco was responsible for the presence of the hazardous condition.[4] The problem with this theory is that the evidence fails to support it. The only evidence as to the identity of the substance is Marchand’s description of it as “oily,” “clear to light colored,” and smelling like “cleaning wax or polish.”[5] This description does not match Unicco’s cleaning solution, which it describes as orange, water-soluble, and smelling of citrus. Nor does the timing support Marchand’s theory; she passed through the corridor at least eleven hours after the latest time when, according to Unicco’s practice and its contract, it would have cleaned the floor. On the evidence presented, considered in the light most favorable to Marchand, no reasonable juiy could find that the substance she slipped on was attributable to Unicco. If the substance was attributable to some other source, nothing in the evidence provides any basis for a finding that Unicco knew or had reason to know of its presence.
Marchand relies heavily on the “mode of operation” doctrine adopted by the Supreme Judicial Court in Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. at 791, discussed supra. She identifies nothing in the facts that would invoke that doctrine; this case does not involve a self-service business, or a retail business of any kind. As the Court explained in that decision, the mode of operation doctrine “will not modify the general rule governing premises liability requiring a plaintiff to prove that an owner had either actual or constructive notice of an unsafe condition on the premises.” Rather, the new doctrine merely recognizes an alternative means of meeting that requirement, in circumstances where a defendant’s mode of operation (such as self-service) results in a reasonably foreseeable hazardous condition. Id. Nothing in the evidence indicates that such occurred here.
Marchand also relies heavily on the terms of Unicco’s contract with MassPort, suggesting that Unicco’s extensive and detailed contractual obligations give it a heightened duty of care toward users of the airport. Neither the contract itself nor any identified authority supports that theory. The contract describes the tasks Unicco must perform, failure of which might render it liable to MassPort for breach of contract. The contract defines the scope of Unicco’s duties, but does not purport to address the standard of care Unicco would owe to any non-party to the contract who might be affected by the manner of its performance of those duties. That standard is governed by the common law, which establishes liability in tort for negligence. See Herbert A. Sullivan, Inc. v. Utica Mut Ins. Co., 439 Mass. 387, 395 (2003). As discussed supra Marchand has failed to offer evidence that would support a finding of negligence.[6]
Conclusion and Order
For the reasons stated, defendants MassPort and Unicco’s Motion for Summary Judgment is ALLOWED.

 Unicco also occasionally burnishes the floor, a dry process not involving application of any substance.

 Unicco’s account manager testified at his deposition that hallways are washed once a day. In his errata sheet, however, he corrected that testimony to indicate that “hallways with light traffic gets [sic] washed on less frequency. Maybe once or twice per week.” For purposes of the present motion, considering the evidence in the light most favorable to the plaintiff, the Court assumes that a jury would find that Unicco cleans the corridor in issue each night, between 11:00 p.m. and 7:00 a.m. On that basis, ajury could infer that the most recent cleaning occurred between eleven and nineteen hours before Marchand’s fall.

 For purposes of this motion, both defendants concede that they had a duiy toward the plaintiffs to exercise reasonable care in the maintenance of the premises.

 Marchand’s theory as to MassPort is never clearly articulated.

 The Court has considerable doubt whether Marchand would properly be permitted at trial to characterize the smell in this manner, but nevertheless considers her characterization for purposes of the present motion.

 The Court does not address Marchand’s assertion that Unicco has failed to produce requested “Equipment Status Reports,” in the absence of any affidavit pursuant to Mass.R.Civ.P. 56(f), and any indication that Marchand has moved to compel production.