Erma FRENETTE and John
Allen Frenette

v.

Lynn VICKERY and Mark Mieczkowski.

Civ. No. H–77–298.

United States District Court,
D. Connecticut.

Sept. 23, 1981.

Ronald E. Cassidento, Hartford, Conn., for plaintiffs.

Robert P. Volpe, Howard, Kohn, Sprague & Fitzgerald, Hartford, Conn., for defendants.

## RULING ON PLAINTIFFS' MOTION FOR INTEREST

CLARIE, Chief Judge.

The plaintiffs have filed a motion for an allowance of statutory interest on their offer of judgment made prior to the trial of their personal injury case, as provided for under Conn.Gen.Stat. § 52–192a. The defendants oppose the plaintiffs' claim, arguing that the provisions of the aforesaid state statute are procedural in nature and therefore inapplicable in a federal court proceeding. The defendants challenge several alleged irregularities in the offer of judgment itself which, they claim, render the offer void. Furthermore, the defendants dispute the computation of the interest claimed, on the grounds that it fails to

account for changes in the statutory rate of interest. The Court finds the issues in favor of the plaintiffs and grants their motion, subject to a proper recomputation in accordance with the amendment to the statutory rate.

### Facts

The case arose out of an automobile accident which occurred in the Town of Plymouth on August 2, 1976. The plaintiffs commenced suit in this court on June 22, 1977 claiming damages for personal injuries and property damage. On August 13, 1979, prior to the commencement of trial, the plaintiffs filed with the clerk of the court an offer of judgment in the amount of $110,000. Pursuant to Conn.Gen.Stat. § 52–192a(a), the plaintiffs served a copy of this offer on the defendants' attorney. The defendants declined to accept the offer within the thirty-day statutory period and on February 4, 1981, the plaintiffs submitted a second offer of judgment in the amount of $82,500. This, too, was declined by the defendants. No other offers were made and on February 6, 1981, the jury rendered a verdict for the plaintiffs to recover the sum of $115,000.

### Discussion of the Law

The plaintiffs claim that they are entitled under Conn.Gen.Stat. § 52–192a to interest of 12% on the larger of the two offers of judgment declined by the defendants, computed from the time the offer was made. Conn.Gen.Stat. § 52–192a(b) provides:

"After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual interest on the amount contained in such offer, computed from the date it was filed, and may award reasonable attorney's fees in an amount not to exceed three hundred and fifty dollars, and shall render judgment

accordingly. For the purposes of this computation, the largest 'offer of judgment' which was equal to or less than the verdict shall be used."

The largest "offer of judgment" equal to or less than the verdict was the August 13 offer of $110,000. Relying on an interest figure of 12% per annum on the $110,000 offer, the plaintiffs have claimed that they are entitled to interest in the sum of $19,-601.10.

█ The defendants argue that Conn. Gen.Stat. § 52–192a is procedural and therefore should not be applied to this Court in a diversity action under *Erie Railroad Co. v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In support of their position, the defendants seek to apply a "black letter test" purportedly set out in *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944), where the Court articulated what has since come to be known as the "outcome-determinative" test:

"[t]he question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in that aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" *Id.* at 109, 65 S.Ct. at 1470.

Applying this standard to the present case, the defendants conclude, without extended analysis, that Conn.Gen.Stat. § 52–192a is procedural, because it is aimed solely at the manner and means by which recovery is allowed. The defendants also note that the statute applies to all offers of judgment, regardless of the "substance" of the claims sued upon, and therefore must be procedural.

The defendants misconstrue both the "simplicity" of the *Guaranty Trust* test, as well as its application to these facts. The *Guaranty Trust* Court was fully aware of

the difficulty of drawing a neat line between questions of procedure and substance. As that Court emphasized:

"[m]atters of 'substance' and matters of 'procedure' are much talked about in the books as though they defined a great divide cutting across the whole domain of law. But, of course, 'substance' and 'procedure' are the same keywords to very different problems. Neither 'substance' nor 'procedure' represents the same invariants. Each implies different variables depending upon the particular problem for which it is used." *Id.* at 108, 65 S.Ct. at 1469.

The Court elaborated on the proper application of the outcome-determinative test in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) where it observed that:

" '[o]utcome-determination' analysis was never intended to serve as a talisman. *Byrd v. Blue Ridge Cooperative*, 356 U.S. 525, 537 [78 S.Ct. 893, 900, 2 L.Ed.2d 953]. Indeed, the message of *York* itself is that choices between state and federal law are to be made not by application of any automatic 'litmus paper' criterion, but rather by reference to the policies underlying the *Erie* rule. *Guaranty Trust Co. v. York, supra* [326 U.S.] at 108–112 [65 S.Ct. at 1469–71].

"The *Erie* rule is rooted in part in a realization that it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court.... The decision was also in part a reaction to the practice of 'forum-shopping' which had grown up in response to the rule of *Swift v. Tyson* [16 Pet. 1, 10 L.Ed. 865] 304 U.S. at 73–74 [58 S.Ct. at 819–20]" *Id.* at 466–67, 85 S.Ct. at 1141–42 (footnote omitted).

Conn.Gen.Stat. § 52–192a clearly creates a substantive statutory right in persons su-

ing in the Connecticut courts. Rather than governing merely the manner and means of pursuing a claim in court, the law creates a right in all civil plaintiffs to claim interest on responsible settlement offers formally made prior to the commencement of the trial. To hold otherwise would indeed frustrate the *Erie* goals of minimizing forum shopping in the state or federal courts and avoiding the inequitable administration of laws within a particular state. Otherwise those qualified defendants who have refused to accept reasonable settlement offers prior to the commencement of suit could avoid having to pay interest on those offers merely by a timely removal of the case to a federal court. *Erie* was aimed precisely at preventing such behavior.

The court notes in reaching this conclusion that Conn.Gen.Stat. § 52–192a, which entitles a plaintiff to a retroactive award of interest, has much in common with prejudgment interest statutes which have uniformly been held to be substantive and not procedural. *Roy v. Star Chopper Co.*, 584 F.2d 1124 (1st Cir. 1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1980); *Builders Equity Corp. v. Hurwitz*, 530 F.2d 1072 (D.C.Cir.1976); *Nedd v. United Mineworkers of America*, 488 F.Supp. 1208 (M.D. Pa.1980). Moreover, the court in *Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa. 1981) held that an offer of judgment statute which was virtually identical[1] to the statute at issue in the present case was applicable in diversity actions in federal court.

The defendants contend that Fed.R.Civ.P. 68 which governs such offers of judgment by defendants is indicative of the opinion of the Supreme Court Advisory Committee that those provisions of the rule are procedural. The defendants further argue that the application of Conn.Gen.Stat. § 52–192a by this Court would be tantamount to an amendment of the Federal Rules, in contravention of the formal amendment procedures in Rule 83.

---

1. The Pennsylvania Rules of Civil Procedure provide in relevant part that where a defendant unreasonably refuses a settlement offer

"(a) [i]n an action seeking monetary relief for bodily injury ... the court ... shall

(1) add to the amount of compensatory damages in the ... verdict of the jury ... damages for delay at ten (10) percent ... which shall become part of the verdict." Pa.R. Civ.P. 238.

■ The Court finds that the mere inclusion of a matter in the Federal Rules does not establish that matter as "procedural" in all contexts. Indeed, many of the cases which have followed in the wake of *Erie* have grappled with the question of whether particular Federal Rules overlap with areas of state substantive law. As noted by Professor Moore:

"[t]he federal courts retain their independence in matters of procedure, but it is not possible to state categorically and unequivocally that everything contained in the Federal Rules is procedural for the purposes of the *Erie* doctrine. In cases dealing with statute of limitations, burden of proof, state court judgment in abatement as a judgment in bar in federal court of that state, where the underlying abatement was substantial, capacity of foreign corporation to maintain action, security for costs in stockholder's action, conflicts of law rule, provision for arbitration, law of the case as to sufficiency of evidence to go to a jury, the Supreme Court has held that matters normally regarded as procedural are substantive for the purposes of the *Erie* case. 2 Moore's Federal Practice ¶ 1.04[4] at 227–28 (2d ed. 1980).

Rule 68 of the Federal Rules of Civil Procedure provides only for costs to defendants whose reasonable settlement offers are rejected by plaintiffs, whereas Conn.Gen. Stat. § 52–192a provides for a substantial rate of interest added on to the settlement offer, as well as costs. In addition, the Court is not amending the Federal Rules in applying Conn.Gen.Stat. § 52–192a in this case, but rather it is applying the substantive law of the State of Connecticut as it is required to do under *Erie*.

■ The defendants' alternative argument is that the offer of judgment filed in court and served upon the defendants' attorney was too vague and ambiguous to be given legally operative effect. They claim that the offer of judgment failed to identify both the particular plaintiff making the offer, as well as the particular defendant to whom the offer was made. They represent further that the offer did not offer to settle the claim, but merely offered to stipulate to a judgment. The Court finds the defendants' arguments to be strained and unpersuasive. Section 52–192a of the Connecticut General Statutes makes it abundantly clear that an offer signed by the plaintiff *or* his attorney and addressed to the defendant *or* his attorney is a valid offer of judgment. Moreover, the defendants cannot reasonably claim that they were unaware that the plaintiffs' offer to stipulate to a judgment constituted settlement offer. The plaintiffs' offer which, like the statute, was labeled "Offer of Judgment," referred expressly to Conn.Gen.Stat. § 52–192a and stated that "the plaintiff in the above-captioned action hereby offers to stipulate to a Judgment *to conclude this matter* in the amount of $110,000." (Emphasis added). The defendants' argument that they were misled by the true nature of this offer is not persuasive.

Accordingly, the Court awards the plaintiffs statutory interest on their August 13, 1979 settlement offer of $110,000 as provided by Conn.Gen.Stat. § 52–192a. The Court declines, however, to award interest in the full amount requested by the plaintiffs. The plaintiffs' computations are based on a 12% interest figure for the entire period from when the offer was made until a verdict was reached. As of August 13, 1979, however, the statute provided for only 6% interest. The statute was amended on October 1, 1979 to allow for 12% interest. Accordingly, the Court recomputes the interest owed plaintiffs as follows:

Interest from August 13, 1979 to February 6, 1981—542 days:

(a) Daily interest on 6% annual interest: .06/365 = .0001643

(b) Daily interest on 12% annual interest: .12/365 = .0003287

(c) Number of days at 6% interest rate: August 13, 1979 to October 1, 1979 = 49 days

(d) Number of days at 12% interest rate: October 1, 1979 to February 6, 1981 = 493 days

(e) Interest:

(i) $\$110{,}000 \times 49 \times .0001643 = \$885.58$

(ii) $\$110{,}000 \times 493 \times .0003287 = \$17{,}825.40$

(f) Total interest owed plaintiff:

$\$885.58 + \$17{,}825.40 = \$18{,}710.98$.

In addition, the Court grants plaintiffs attorneys' fees in the amount of $\$350.00$ as provided in the statute.

SO ORDERED.