Phyllis S. MURPHY, Plaintiff,

v.

MARMON GROUP, INC., Defendant.

Civ. A. No. B–81–554.

United States District Court,
D. Connecticut.

May 3, 1983.

Kevin Coles, Bridgeport, Conn., for plaintiff.

Bernard S. Peck, George J. Markley, Bridgeport, Conn., for defendant.

## RULING ON MOTION TO STRIKE

ZAMPANO, District Judge.

### I

This is an action by plaintiff, Phyllis S. Murphy, seeking monetary damages and declaratory relief from the defendant, Marmon Group, Inc. ("Marmon"), for its failure to pay her one-half of the proceeds under a deferred compensation plan that had allegedly been assigned to her. Approximately four months after institution of the suit, Murphy made an offer of judgment in

the amount of eighty thousand ($80,000) dollars pursuant to Conn.Gen.Stat. § 52–192a.[1] Marmon responded by filing a motion to strike plaintiff's offer of judgment.

■ Marmon first asserts that the offer of judgment is barred by Fed.R.Civ.P. 68 which provides that only a "party defendant" may file an offer of judgment. However, it is Connecticut's law on the subject that applies here, not federal law. As stated by Judge Clarie in *Frenette v. Vickery*, 522 F.Supp. 1098, 1100 (D.Conn.1981):

> Conn.Gen.Stat. 52–192a clearly creates a *substantive* statutory right ... Rather than governing merely the manner and means of pursuing a claim in court, the law creates a right in all civil plaintiffs to claim interest on responsible settlement offers ... To hold otherwise would indeed frustrate the *Erie* goals of minimizing forum shopping ... Otherwise ... defendants who have refused ... settlement offers prior to ... suit could avoid having to pay interest ... merely by a timely removal of the case to a federal

court. *Erie* was aimed precisely at preventing such behavior (emphasis added).

Thus, because Section 52–192a applies to offers of judgments by plaintiffs, Murphy was empowered by Connecticut's substantive law to submit the offer directed to the defendant.

■ Next, Marmon claims that Section 52–192a is inapplicable to this case because the statute is operable only in civil actions "based upon contract or for the recovery of money." The short answer to this contention is that this case *is* one for the recovery of money only. The fact that the plaintiff employed the declaratory judgment device to enforce her entitlement to the trust funds does not alter the thrust and purpose of the lawsuit, that is, to recover money.

Marmon's final contention is that the application of Section 52–192a is limited to jury cases only, which this case is not. In support of its position, Marmon points to the use of the word "verdict" in subsection (b) of the statute, which reads in pertinent part:

---

1. Conn.Gen.Statute § 52–192a provides as follows:

(a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may before trial file with the clerk of the court a written "offer of judgment" signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of such offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of such "offer of judgment," the defendant or his attorney may file with the clerk of the court a written "acceptance of offer of judgment" agreeing to the stipulation for judgment as contained in plaintiff's "offer of judgment." Upon such filing, the clerk shall enter judgment forthwith on the stipulation. If such "offer of judgment" is not accepted within thirty days, such "offer of judgment" shall be considered rejected and not subject to acceptance unless refiled. Following such rejection of any "offer of judgment," the plaintiff may file a new "offer of judgment" and may continue to do so up to the time of trial. All such "offers of judgment" and any "acceptance of offer of judgment" shall be included by the clerk in the record of the case.

(b) After trial the court shall examine the record to determine whether the plaintiff made

an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment," the court shall add to the verdict twelve per cent annual interest on the amount contained in such offer, computed from the date such offer was filed in actions commenced before Oct. 1, 1981. In those actions commenced on or after Oct. 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the offer of judgment was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the offer of judgment was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. For purposes of this computation, the largest "offer of judgment" which was equal to or less than the verdict shall be used. Nothing in this section shall be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action.

(c) This section shall apply to all claims, except claims which were assigned for trial on or before October 1, 1976.

If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the ... "offer of judgment," the court shall add to the *verdict* ... interest ... For purposes of ... computation, the largest "offer of judgment" which was equal to or less than the *verdict* shall be used (emphasis added).

Conn.Gen.Stat. § 52–192a(b).

The term "verdict," argues Marmon, refers to a determination of a jury, not that of a court, and therefore, the plaintiff's offer of judgment in the case *sub judice* stands outside the remedial scope of the statute.

This interpretation of the statute was adopted by the court in *Tower v. Vitiello,* Conn.L. Tribune, March 17, 1980, at 16, col. 1 (Super.Ct. Nov. 23, 1979). In that case, the State Referee held that a prevailing plaintiff in a non-jury case could not recover interest under Section 52–192(b) because he had not received a recovery pursuant to a "verdict" of a jury.

■ There is no definitive adjudication of the issue by the Connecticut Supreme Court. Under these circumstances, a federal court in a diversity case must make an estimate of what the state's highest court would rule to be its law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Stafford v. International Harvester Co.,* 668 F.2d 142, 148 (2 Cir.1981). While "proper regard" should be given to a relevant ruling of a lower state court, *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), the pronouncement is not dispositive. *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940); *Latour v. Commercial Union Ins. Co.,* 528 F.Supp. 231, 234 (D.R.I.1981). As the Second Circuit has cautioned, a federal court in determining state law "should not slavishly follow lower or even upper court decisions but ought to consider all the data the highest court of the state would use." *Roginsky v. Richardson-Merrell, Inc.,* 378 F.2d 832, 851 (2 Cir.1967).

■ Our own analysis begins with the purpose and structure of the statute. In all litigation, a party faces the potential adverse consequences of a defeat, including the expense of a trial and costs. Section 52–192a provides an additional incentive to settle a lawsuit and avoid a trial in certain cases by imposing an increased penalty upon a nonsettling litigant. Cf. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) (the purpose of federal Rule 68 (Offer of Judgment) "is to encourage the settlement of litigation"). No sound reason exists to impute to the Connecticut legislature an intent to stimulate settlements of jury cases but not of matters tried to a court. In this regard, it is noted that *Tower* fails to take into account that a defendant's offer of judgment is not limited to jury trials. See Conn.Gen.Stat. § 52–193; Conn.Prac. Book §§ 341–344. See also Conn.Prac. Book Ann. § 350 (Author's Comment) (2d ed. Supp.1981) (*Tower* "puts the plaintiff in an unfair position since an offer of judgment by the defendant is not limited to jury trials").

Consistent with the statutory intent, paragraph (a) authorizes a plaintiff to file an offer of judgment prior to the trial of "*any* civil action based upon contract or for the recovery of money (emphasis added)." Thus, the plain language of the provision grants a plaintiff the unqualified right to submit an offer of judgment to a defendant in *both* jury and non-jury cases. This interpretation is supported by other language contained in the statute. If a defendant accepts a plaintiff's proposal, the acceptance constitutes an agreement "to a stipulation for judgment" which is to be entered forthwith by the clerk. There is no distinction made for the entry of a judgment between a case claimed for jury resolution and one in which a jury trial is waived. For a court to read in such a differentiation under paragraph (a) would be tantamount to a judicial revision of the clear phraseology of the enactment.

Paragraph (b) of the statute sets forth the guidelines for the computation of an

**860**

interest award to be levied under certain conditions after trial against a defendant who has not accepted a plaintiff's offer of judgment. In determining the amount of the penalty, the provision mentions an additur solely with reference to a "verdict" recovered by the plaintiff. It is true that as a general rule the term "verdict" refers to a final decision of a jury and does not relate to a finding by a court. But this is not its only meaning. Webster's New World Dictionary 1577 (2d ed. 1978) defines "verdict" to include "any decision or judgment." See, e.g., *Commonwealth v. Dorius,* 343 Mass. 533, 179 N.E.2d 885, 886 (Mass.1962) (proper interpretation of a statute required that the word "verdict" be construed "to include a finding by a judge sitting without a jury"); *Ex parte Traxler,* 147 Tex.Cr.R. 661, 184 S.W.2d 286, 288 (Tex.1944) (where jury waived, judgment of court partakes of the nature of a verdict and may be denominated a "verdict"). Moreover, the Connecticut legislature, in the context of other statutes, has employed the term "verdict" to include judgments rendered after court trials. See, e.g., Conn.Gen.Stat. § 52–243 (costs when plaintiff is partly successful); Conn.Gen. Stat. § 52–349 (interest on judgments); Conn.Gen.Stat. § 52–592 (accidental failure of suit).

Therefore, it is the opinion of this Court that a plaintiff, pursuant to § 52–192a, may file an offer of judgment in a non-jury as well as jury cases, and that, for the purpose of the computation of the interest penalty, the word "verdict" encompasses a judgment entered after a court trial.

Accordingly, the motion to strike is denied and Marmon shall respond forthwith to Murphy's offer of judgment dated March 24, 1982.[2]

---

2. In view of this ruling the Court need not examine the validity of the identical second offer of judgment made pursuant to Section 52–192a as amended by 1982 Conn.Pub. Acts 82–228. The motion to strike that offer is off as moot.