Luc **HARDY**

v.

**SALIVA DIAGNOSTIC SYSTEMS, INC.**

No. Civ. 3:94CV1142 (HBF).

United States District Court, D. Connecticut.

March 17, 1999.

William I. Haslun, II, Edward T. Krumeich, Ivey, Barnum & O'Mara, Greenwich, CT, for Luc Hardy, plaintiff.

Eric W.G. Dawson, Robinson & Cole, Stamford, CT, Robert A. Banner, Berman, Paley, Goldstein & Kannry, New York City, for Saliva Diagnostic Systems, Inc., defendant.

### RULING ON POST–TRIAL MOTIONS

FITZSIMMONS, United States Magistrate Judge.

On July 27, 1997, a jury returned a verdict in favor of plaintiff Luc Hardy, awarding him $740,923. The award included $199,100 in stipulated lost wages, $345,000 for other lost compensation during the contract term, $13,073 for unreimbursed expenses,[1] and $183,750 for breach of an implied contract to pay a 50,000 share stock bonus. SDS does not challenge the jury's finding of $199,000 in stipulated damages for lost wages.

Both parties have made post-trial motions. Defendant seeks an order pursuant to Fed.R.Civ.P. 50(b) for judgment as a matter of law. [Doc. # 141–1]. In the alternative, defendant seeks a new trial under Fed.R.Civ.P. 59. [Doc. # 141–2]. Plaintiff filed an Application for Entry of Judgment [Doc. # 135], seeking prejudgment interest, attorneys' fees, costs and double damages on lost earnings and the lost 1993 stock bonus. For the reasons that follow, defendant's Motion for Judgment as a Matter of Law [141–1] is **DENIED** and defendant's Motion for a New Trial [Doc. # 141–2] is **DENIED**. Plaintiff's Application for Entry of Judgment [Doc. # 135] is **GRANTED** to the extent set forth in this ruling.

### MOTION FOR JUDGMENT AS A MATTER OF LAW

Fed.R.Civ.P. 50(a)(1) provides:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under controlling law be maintained or defeated without a favorable finding on that issue.

■■■ "Judgment as a matter of law now encompasses pre-verdict and post-verdict motions." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir.1993). The standard for granting judgment as a matter of law under Rule 50(b) (formally called a judgment notwithstanding the verdict) is a strict one. *Stubbs v. Dudley*, 849 F.2d 83, 85 (2d Cir.1988), *cert. denied*, 489 U.S. 1034, 109 S.Ct. 1095, 103 L.Ed.2d 230 (1989). In deciding a Rule 50(b) motion, the court must consider whether the evidence, "in the light most favorable to the non-movants without considering credibility or weight, reasonably permits only a conclusion in the movants' favor." *Id.* (citing *Mattivi v. South African Marine Corp., "Huguenot"*, 618 F.2d 163, 167 (2d

---

1. $9,000 for unreimbursed salary expenses for a personal assistant and $4,073 for unreimbursed SDS expenses.

Cir.1980)). In evaluating a motion under this provision, a trial court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 60 (2d Cir.1993). In other words, "either there must be 'such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result o[f] sheer surmise and conjecture' or the evidence must be so overwhelming that reasonable and fair-minded persons could only have reached the opposite result." *Stubbs,* 849 F.2d at 85 (citations omitted), *see also Concerned Residents for Envirn. v. Southview Farm,* 34 F.3d 114, 117 (2d Cir.1994), *cert. denied,* 514 U.S. 1082, 115 S.Ct. 1793, 131 L.Ed.2d 721 (1995).

SDS does not challenge any of the Court's instructions to the jury. "There is a strong presumption that the jury in reaching its verdict complied with those instructions." *Bingham v. Zolt,* 66 F.3d 553, 563 (2d Cir.1995)

## DISCUSSION

█ SDS raises five grounds in support of its motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). First, defendant argues that it met its burden of proving that Hardy failed to mitigate damages. Second, SDS argues that the evidence does not support the jury's finding that SDS breached an implied contract to pay Hardy a 1993 stock bonus of 50,000 shares. Third, defendant argues that, to award Hardy $345,000 for the value of stock options, the "jury had to ignore the relevant evidence and engage in wild speculation." [Doc. # 143 at 30]. Fourth, SDS claims that there was no evidence to support a damages award of $9,000 for a personal assistant and $4,073 for expenses. Finally, SDS argues that Hardy's employment was terminated on April 29, 1994, and he is not entitled to a bonus or wages for any time thereafter.

### 1. *Mitigation*

Defendant argues that the jury "overlooked" the evidence in support of its claim that Hardy failed to mitigate damages. Defendant does not challenge the instructions to the jury on the question of mitigation. The Court has reviewed defendant's argument and finds that the determination of this claim rested on the jury's credibility assessments. Defendant's argument goes to the weight of the evidence and not its sufficiency. The jury was entitled to credit Hardy's testimony, as much as it was entitled to reject defendant's argument. The jury's determination will not be overturned on this issue. "The question of whether an employee has mitigated damages is for the jury." *Lords v. Northern Automotive Corp.,* 75 Wash.App. 589, 604, 881 P.2d 256, 265 (1994).[2] SDS's Motion for Judgment as a Matter of Law on this issue is **DENIED.**

### 2. *50,000 Share Stock Bonus Award of $183,750*

█ It is undisputed that the jury was properly instructed on the law of implied contract. The Court finds there was sufficient evidence from which a jury could conclude that there was an agreement to pay the 50,000 share stock bonus to plaintiff. The Board had granted Hardy a similar 50,000 share bonus in 1992, and Seymour and Lealos agreed to the 50,000 share bonus in June 1993, provided that Whale consented. Based on Hardy's testimony and the other evidence, the jury could reasonably have found either that Whale did not refuse the request but merely failed to act until its consent to issue shares was no longer necessary after March 4, 1994, or alternatively that Boe and Kalin sabotaged Hardy's chance of obtaining Whale's consent to issue bonus shares. The parties raised multiple issues of fact for the jury's determination, including interpretation of the contracts, the parties' intent, and the conduct of the parties.

**2.** The law of Washington state applied in this diversity case.

Considering the evidence in a light most favorable to plaintiff and without considering credibility or the weight of conflicting evidence, the Court finds that SDS's motion for a Judgment as a Matter of Law should be **DENIED.**

### 3. *Stock Options Award of $345,000*

■ Defendant argues that the jury's award of $345,000 for the value of 1994, 1995 and 1996 stock options was improper because the jury ignored relevant evidence and the amount was a result of wild speculation. [Doc. # 143 at 30]. Under Washington law, the "general purpose of a damage award in a wrongful discharge case is to make the employee whole." *Hayes v. Trulock*, 51 Wash.App. 795, 800, 755 P.2d 830, 833 (1988); *Northwest Land & Investment, Inc. v. New West Federal Savings and Loan Assoc.*, 57 Wash.App. 32, 43, 786 P.2d 324, 329–30 (1990) ("Generally, the measure of damages for breach of contract is that the injured party is entitled to recovery of all damages naturally occurring from the breach, and to be put in as good a position as he would have been in had the contract been performed.").

■ Defendant argues that "the very terms of the stock option plan preclude Hardy from obtaining all or almost all of the options the jury awarded him." The relevant provision states, "[a]ll options which have not vested shall terminate and be forfeited automatically upon the termination, *for any reason whatsoever* of a Participant's status as an employee, consultant or advisor to the Board." [Pl.Ex. 63 (1994 Proxy 5(e)) ]. Defendant contends that the "option plan provides that officers terminated without cause forfeit all options that have not vested." *Id.* at 32, 786 P.2d 324. But the jury is not bound by this language in assessing damages.

Plaintiff correctly points out that under Washington law he had a "right to recover reasonable damages in the form of lost compensation by reason of defendant's breach of its employment agreement." [Doc. # 154 at 28]. Defendant argues that

there was no basis in the evidence for the jury to conclude that stock options would have been awarded to Hardy.

As the court instructed the jury, "[w]here an employer breaches a contract of employment by improperly terminating an employee, the employee is entitled to recover damages equal to his wages, including any bonuses due, and compensation for loss of benefits for the term of his employment." The Court further instructed the jurors that they "must decide whether plaintiff has proved by a preponderance of the evidence that he would have received any other compensation in 1994, 1995 and 1996. This includes bonuses—cash or stock—and stock options." Defendant does not challenge the correctness of the charge to the jury.

The jury was entitled to reject or adopt either of the parties' arguments on the evidence before it. The Court finds no reason to disturb the jury's finding that stock options would have been awarded.

■ Defendant also challenges the methodology for valuing the options as speculative and precluding the jury's award. However, defendant offered testimony at trial to challenge plaintiff's valuation as speculative, as well as to contest plaintiff's assertion that he would have been granted options in 1994, 1995 and 1996. [Doc. # 143 at 37]. Hardy presented substantial evidence on which the jury could base a finding on the value of the options. [Doc. # 154 at 31]. It was a jury question whether Hardy's damages included lost stock options and, if so, for what years, and it was the jury's responsibility to assign a value to the lost options from the evidence before it. The Court clearly instructed, "you must base your valuation upon a reasonable certainty and not speculation." Under Washington law, a plaintiff is "obligated to present only the best evidence available, so as to prevent speculation and conjecture." *Austin v. U.S. Bank of Washington*, 73 Wash.App. 293, 869 P.2d 404, 414 (1994).

■ "The proper amount of damages in a particular case is a question for the trier of fact, and a damage award will generally not be overturned on appeal when it is within range of evidence." *Hayes v. Trulock,* 51 Wash.App. 795, 802, 755 P.2d 830, 834 (1988). The Court notes that the jury awarded lower damages than plaintiff requested. Hardy sought $540,155 based on his calculations as argued to the jury. It appears that plaintiff is correct that "there is no indication that the jury awarded any damages for lost 1996 stock options... The jury reduced the damages requested by plaintiff considerably, so there is reason to believe that the jury took this fact into consideration in its deliberations." [Doc. # 154 at 35 n. 24].

On this record, the Court cannot find there was a "complete absence of evidence supporting the verdict" or that the evidence was so "overwhelming that reasonable and fair minded persons could only have reached the opposite result." *Stubbs,* 849 F.2d at 85. SDS's Motion for Judgment as a Matter of Law is therefore **DENIED.**

### 4. *Unreimbursed Expenses $13,073*

■ Defendant argues that there was insufficient evidence to support the jury's award of $9,000 to reimburse Hardy for compensating his assistant after his employment was terminated, and to prove that Hardy incurred expenses of $4,073. The parties are rearguing the conflicting evidence presented to the jury at trial; there is no basis to disturb the jury's resolution of these conflicts. Accordingly, defendant's Motion for Judgment as a Matter of Law is **DENIED.**

### 5. *Bonus or Wages from April 29 to May 17, 1994*

Finally, defendant reiterates that "it was simply not rational ... for a jury to conclude that the implied contract bonus was withheld in bad faith, arbitrarily or unreasonably." The jury was not asked for a finding that SDS acted in bad faith, arbitrarily or unreasonably. To the extent that defendant claims there was insufficient evidence to award the value of a bonus or wages, those claims have been addressed and rejected. It was entirely within the province of the finder of fact to weigh the conflicting evidence and to pass on the credibility of the witnesses. To the extent that defendant is contesting plaintiff's claim for double damages under Conn.Gen.Stat. 31–72, the Court will address this claim when ruling on plaintiff's application for entry of judgment.

Accordingly, defendant's Motion for Judgment as a Matter of Law [141–1] is **DENIED** on all grounds.

### *MOTION FOR A NEW TRIAL*

■ The standard of review applicable to motions for a new trial under rule 59, Fed.R.Civ.P., is less stringent than that for a rule 50(b) motion for judgment as a matter of law. *Morrissey v. National Maritime Union,* 397 F.Supp. 659, 669 (S.D.N.Y.1975) *rev'd on other grounds* 544 F.2d 19 (2d Cir.1976). Unlike the rule 50(b) standard, the trial judge may order a new trial on the grounds that, in the judge's opinion, the decision was against the clear weight of the evidence. 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure Civil 2d § 2531 ("Wright and Miller"). In deciding whether to grant a new trial, the court is free to consider the credibility of the witnesses and the weight of the evidence, although such considerations are not appropriate under rule 50(b). *Id.* Additionally, in considering a motion for a new trial the court need not view the evidence in the light most favorable to the nonmoving party, as it must in a motion for a judgment as a matter of law under rule 50(b). *Bevevino v. Saydjari,* 574 F.2d 676, 684 (2d Cir.1978); *Metromedia Co. v. Fugazy,* 753 F.Supp. 93 (S.D.N.Y.1990).

■ Generally, a court may grant a new trial because the verdict is against the weight of the evidence, damages are excessive, the verdict is inconsistent, substantial

errors were made in admitting or excluding evidence, or in charging the jury, or because a material issue was improperly submitted or withdrawn from a jury. *See* Fed.R.Civ.P. 59; 6A J. Moore, J.D. Lucas, Moore's Federal Practice ¶¶ 59.01– 59–17 (2d Ed.1989). This list is not exhaustive, as a trial court may order a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59. Despite this great latitude, it is well settled that the trial judge is to "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to ensure that there is no miscarriage of justice." *Bevevino v. Saydjari,* 574 F.2d 676, 684 (2d Cir.1978); *see also Mallis v. Bankers Trust Co.,* 717 F.2d 683, 696 (2d Cir.1983). Thus, a new trial must be granted if the court finds either that the verdict was the result of passion or prejudice, *Taylor v. Canadian Nat'l R.R. Co.,* 301 F.2d 1, 2 (2d Cir.), *cert. denied,* 370 U.S. 938, 82 S.Ct. 1585, 8 L.Ed.2d 807 (1962), or that an excessive verdict resulted from error during trial which "infected the jury's entire consideration of the evidence on damages." *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,* 930 F.2d 1021, 1027–28 (2d Cir.1991). Yet the rules direct the court to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 61, Fed.R.Civ.P.

■ The burden of showing the harmful error rests with the moving party, *see* Wright and Miller, Civil 2d § 2803, and unless there is "plain error," failure to object to an issue during trial precludes review of that issue on a motion for a new trial. *See Schaafsma v. Morin Vermont Corp.,* 802 F.2d 629, 636 (2d Cir.1986); *Metromedia Co. v. Fugazy,* 753 F.Supp. 93 (S.D.N.Y.1990).

The Court has carefully considered all of defendant's arguments. Its Motion for a New Trial [**Doc. # 141–2**] is **DENIED.**

### *PLAINTIFF'S APPLICATION FOR ENTRY OF JUDGMENT*

In addition to the jury's award, plaintiff seeks additional damages, prejudgment interest and attorneys' fees from the Court as follows: (1) $4,962, representing double damages for lost wages from May 1 to 17, 1994, pursuant to Conn.Gen.Stat. § 31–72; (2) $183,750, representing double damages for the lost 1993 stock bonus, pursuant to Conn.Gen.Stat. § 31–72; (3) prejudgment interest on the lost wages at a rate of 12% per year, pursuant to Revised Code of Washington ("RCW") § 19.52.010, from the dates payment was due to the date of judgment; (4) prejudgment interest on the unreimbursed expenses, pursuant to RCW § 19.52.010, from the date due to the date of judgment; (5) reasonable attorneys' fees on the breach of contract damages, pursuant to RCW § 49.48.030; (6) litigation expenses, including attorneys' fees, on the award under Conn.Gen.Stat. § 31–72; (7) reasonable attorneys' fees for recovery of the lost earned wages from May 1 to 17, 1994, and the lost stock bonus, pursuant to Conn.Gen.Stat. § 31–72; (8) $491,444 in offer of judgment interest, calculated at the rate of 12% per year on the total award from the date the action was commenced to the date of judgment, pursuant to Conn.Gen.Stat. § 52–192a; and (9) post-judgment interest at a rate of 12% per year, pursuant to RCW § 19.52.010.

1. *Recovery Under Conn.Gen.Stat. § 31–72.*

■ Plaintiff's request for an award of double damages for lost wages from May 1 to May 17, 1994 and for the value of the 50,000 share bonus and for litigation expenses and attorneys' fees is **DENIED.** Plaintiff failed to request an jury interrogatory on whether SDS acted in bad faith, arbitrarily or unreasonably and the Court declines to make that finding now. *Anderson v. Schieffer,* 35 Conn.App. 31, 41, 645 A.2d 549 (Connecticut Supreme Court holds "such awards for double damages are inappropriate in the absence of the

trial court's finding of bad faith, arbitrariness or unreasonableness."). It was a bona fide disputed issue whether plaintiff was entitled to the wages and bonus awarded here. Accordingly, plaintiff's requests for double damages under Conn. Gen.Stat. § 31–72 are all **DENIED.**

2. *Prejudgment Interest Under RCW § 19.52.010*

Plaintiff seeks an award of prejudgment interest on the awards for lost wages ($199,100) and unreimbursed expenses ($13,073), calculated at the rate of 12% per year, pursuant to RCW § 19.52.010 ("Rate in absence of agreement—application to consumer leases)".

■ "In Washington, prejudgment interest can be awarded only in those cases where the claim is for a fixed sum or the evidence provides a basis for computing the recovery with exactness, without reliance on opinion or discretion." *Pannell v. Food Services of America,* 61 Wash.App. 418, 449, 810 P.2d 952, 970 (1991) (citing *Hansen v. Rothaus,* 107 Wash.2d 468, 472, 730 P.2d 662 (1986)). "Washington permits prejudgment interest for liquidated claims only." *Curtis v. Security Bank of Washington,* 69 Wash.App. 12, 20, 847 P.2d 507, 512 (1993) (citing *Pannell,* 61 Wash.App. at 448–49, 810 P.2d 952).

■ A "liquidated" claim is a claim "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Hansen v. Rothaus,* 107 Wash.2d 468, 472, 730 P.2d 662 (1986) (quoting *Prier v. Refrigeration Eng'g Co.,* 74 Wash.2d 25, 32, 442 P.2d 621 (1968)).

■ An unliquidated claim is one:

where the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed.

*Hansen,* 107 Wash.2d at 473, 730 P.2d 662 (quoting *Prier,* 74 Wash.2d at 33, 442 P.2d 621).

■ Here, the lost wages and unreimbursed expenses were liquidated because they could be calculated with accuracy. *Hansen,* 107 Wash.2d at 472, 730 P.2d 662. Accordingly, prejudgment interest of $58,-861 on the lost wages and $5,100 on unreimbursed expenses is **GRANTED,** calculated at the statutory judgment interest rate of twelve percent, RCW § 4.56.110, RCW § 19.52.020. So that there will not be a double recovery for prejudgment interest on lost wages and unreimbursed expenses under Conn.Gen.Stat. § 52–192a, the lost wages and unreimbursed expenses will be subtracted from the figure on which offer of judgment interest is calculated.

3. *Attorneys' Fees on the Breach of Employment Contract*

Plaintiff seeks attorneys' fees pursuant to RCW Section 49.48.030.[3] Plaintiff seeks $246,974 in attorneys' fees, based on a one-third contingency fee applicable to the total jury award of $740,923 or, alternatively, calculated pursuant to a lodestar approach. Under the latter theory, Hardy seeks $130,833 ($128,836 plus $1,997), based on counsel's documented billable hours at a rate of $185 to $200 per hour. Further, plaintiff asks that if the court follows a lodestar approach that the court enhance the lodestar fee by 50% to $195,249,[4] considering the contingency factor, the complexity of the case, the litigation risks and

**3.** RCW § 49.48.030 states

In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED,

HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

**4.** ($130,833 × 1.5)

the substantial continuing risks of non-collection. [Doc. # 136 at 17].

■ "Whether attorney fees are reasonable is a question of fact and the trial court is accorded broad discretion in fixing their amount. A trial court's attorney fee award will be overturned only for manifest abuse of discretion." *Sing v. Scott, Inc.,* 83 Wash.App. 55, 71, 920 P.2d 589, 599 (1996).

■ Washington courts hold that, under RCW § 49.48.030, "attorney fees are recoverable in actions for lost wages for breach of employment contract," *Gaglidari v. Denny's Restaurants,* 117 Wash.2d 426, 450, 815 P.2d 1362, 1375 (1991), including back pay and front pay, and for moneys due "by reason of employment". *Hayes v. Trulock,* 51 Wash.App. 795, 805, 755 P.2d 830, 836 (1988). Plaintiff contends that segregation of fees by successful claim is not warranted here because the claims against the corporation and the individual defendants were intertwined. The billing statement of plaintiff's attorney contains general entries that relate to the claims against all the defendants. The Court finds segregation of fees is not warranted on the present record. *Hume v. American Disposal Co.,* 124 Wash.2d 656, 673, 880 P.2d 988, 997 (1994) ("Where, however, the trial court finds the claims to be so related that no reasonable segregation of successful and unsuccessful claims can be made, there need be no segregation of attorney fees."). Moreover, defendant fails to point to any entries in the billing statement that it seeks to exclude.

■ Rather than base its award on the contingency agreement, the Court will determine attorneys' fees under a lodestar approach. "Attorney fees awarded according to the lodestar approach sets attorney fees by first determining the number of hours that were reasonably spent by the attorneys, multiplying it by a reasonable hourly compensation, and then adjusting this amount upward or downward based on additional facts." *Herring v. Department of Social and Health Services,* 81 Wash. App. 1, 33 914 P.2d 67, 85 (1996) (internal quotation marks and citation omitted). Factors to consider in calculating a lodestar amount include "the time expended, the difficulty of the questions involved, the skill required, customary charges of other attorneys, the amount involved, the benefit resulting to the client, the contingency or certainty in collecting the fee and the character of the employment." *Id.* (citation omitted).

■ After review of the affidavits submitted on behalf of the fee petition, the Court finds the time records to be sufficiently specific and the hours expended and the costs incurred to be reasonable in light of the nature of this action. The Court further finds that an hourly rate of $185 to $200 per hour is a reasonable rate for Mr. Krumich in light of his skill, experience and the prevailing rates for professional services rendered in the community. The Court has carefully considered the entire record, plaintiff's success on its claims against SDS and the dismissal of its claims against the individual defendants and is not persuaded that a fee enhancement is warranted here.

Accordingly, statutory attorneys' fees in the amount of $130,833 are **GRANTED** pursuant to RCW § 49.48.030.

### 4. Offer of Judgment Interest, Conn.Gen. Stat. § 52–192

■ Plaintiff served an Offer of Judgment on defendant in the amount of $175,000 on July 13, 1995, twelve months after the filing of this action. The offer of judgment statute is applicable to diversity actions in federal court where plaintiff recovers amounts equal to or greater than the amount of the offer of judgment. *Frenette v. Vickery,* 522 F.Supp. 1098, 1100 (D.Conn.1981). Notice was filed with the Court on July 19, 1995, pursuant to Conn.Gen.Stat. § 52–192a. [Doc. # 51].

*Murphy v. Marmon Group, Inc.,* 562 F.Supp. 856, 858 (D.Conn.1983).

Conn.Gen.Stat. § 52–192a states in part

(b) After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment", the court shall add to the amount so recovered twelve per cent annual interest on said amount, ... In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the filing of such complaint.....

Pursuant to Conn.Gen.Stat. § 52–192a, the twelve percent annual interest provided for in subsection (b) is to be added to "the amount so recovered." *Camp, Dresser & McKee, Inc. v. Technical Design Assoc., Inc.,* 937 F.2d 840, 844 (2d Cir.1991). Accordingly, the Court finds that an award of prejudgment interest from July 12, 1994 to the date of judgment is warranted pursuant to Conn.Gen.Stat. § 52–192a. This amount shall be offset by the prejudgment interest on lost wages and unreimbursed expenses already awarded pursuant to RCW §§ 4.56.110 and 19.52.020.

5. *Post–Judgment Interest*

Finally, plaintiff seeks interest on the judgment at the rate of twelve percent, pursuant to RCW 4.56.110, RCW 19.52.020.[5] Defendant does not oppose this request. Accordingly, post-judgment

**5.** RCW 4.56.110. Interest on judgments, states in part, Interest on judgments shall accrue as follows:

(1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in the contracts: PROVIDED, That said interest rate is set forth in the judgment.

interest of twelve percent is awarded pursuant to RCW §§ 4.56.110 and 19.52.020.

*CONCLUSION*

Defendant's Motion for Judgment as a Matter of Law **[141–1]** is **DENIED** and defendant's Motion for a New Trial **[Doc. # 141–2]** is **DENIED**. Judgment will enter for the $740,923 awarded by the jury as follows:

| | |
|---|---|
| Stipulated Lost Wages | $199.100 |
| 50,000 Share Stock Bonus | 183,750 |
| Stock Options | 345,000 |
| Unreimbursed Expenses | 13,073 |
| Total | $740,923 |

Plaintiff's Application for Entry of Judgment **[Doc. # 135]** is **GRANTED** as follows. In addition to the $740,923 awarded by the jury, the judgment shall include prejudgment interest of $58,861 on the lost wages and $5,100 on unreimbursed expenses, pursuant to RCW §§ 4.56.110 and 19.52.020; attorneys' fees of $130,833, pursuant to RCW § 49.48.030; Offer of Judgment Interest from July 14, 1994 to entry of judgment at a statutory interest rate of 12%, pursuant to Conn.Gen.Stat. § 52–192a; and Post–Judgment Interest at a statutory interest rate of 12% pursuant to RCW §§ 4.56.110 and 19.52.020.

....

(3) Except as provided under subsections (1) and (2) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof....